KASH et al., *Plaintiffs in Error*, v. COLEMAN et al.

Division Two, October 17, 1898.

1. **Evidence**: COMPETENCY OF WITNESS: PRACTICE. Where no objection has been made to the competency of a witness at the trial, none can be urged in the appellate court.

2. ———: ———: AT THE TRIAL: PARTIES. The competency of a witness must be determined by his relation to the case at the time of the trial. So that, if a witness testifies in behalf of his mother concerning a contract between her and deceased persons, and she dies after appeal is taken and he is substituted as party defendant in her stead, his incapacity does not relate back and exclude his otherwise competent testimony.

3. Pleading: RESULTING TRUST: PAROL PARTITION. Plaintiffs contend that defendant in her answer relied upon a resulting trust, but that her proofs made out a contract of purchase and a parol partition. The petition averred that the eighty acres was the land of E. W. and N. B. Coleman, and prayed partition. Defendant denied that thirty-one acres of the land was theirs, and alleged that she was the equitable owner thereof, and that they held the legal title in trust for her. Her answer then proceeded to aver that her said brothers purchased the eighty acres for her and themselves, and paid for the thirty-one acres with her means in their possession, and afterwards made a parol partition by admeasuring and setting off the land to her, and promised to convey the same, but neglected to do so. *Held* that this answer sufficiently charges a parol partition, fully executed in the lifetime of the Colemans.

*Error to Bates Circuit Court.*—HON. PHINEAS H. HOLCOMB, Special Judge.

AFFIRMED.

*Thomas J. Smith* for plaintiffs in error.

(1) An express trust can not be proved by parol evidence, but only by a writing executed by the parties to be charged as trustees. R. S. 1889, sec. 5184; 1 Perry on Trusts, sec. 79; *Woodford v. Stephens*, 51 Mo. 443. (2) There is no evidence that E. W. and N. B. Coleman or either of them ever executed any written memorandum or declaration whatever tending to prove or establish any trust in or to the land in controversy. (3) The evidence to establish a resulting trust must be clear, cogent, convincing and practically establishing the same beyond all doubt. *Johnson v. Quarrels*, 46 Mo. 423; *Ringo v. Richardson*, 53 Mo. 385; *Kennedy v.*

*Kennedy*, 57 Mo. 73; *Worley v. Dryden*, 57 Mo. 233; *Cornet v. Bertelsmann*, 61 Mo. 127; *Berry v. Hartzell*, 91 Mo. 136; *Davis v. Green*, 102 Mo. 184. (4) The testimony of Thomas Strode, being now a party to the record, is incompetent to prove any contract which he had with E. W. and N. B. Coleman, or to prove anything which he did under the contract, they being both dead. *Angel v. Hester*, 64 Mo. 142; *Ring v. Jamison*, 66 Mo. 424; *Chapman v. Dougherty*, 87 Mo. 617; *Emmel v. Hayes*, 102 Mo. 199.

*John S. Francisco* for defendants in error.

(1) Plaintiffs in error claim that there is a variance between the pleading and proof. That the defendant below pleaded a trust and proved a claim by contract of purchase. If that be a fact the objection comes too late. *Golden v. Clinton*, 54 Mo. App. 100; *Liddell v. Fisher*, 48 Mo. App. 449; *Howard Co. v. Baker*, 119 Mo. 397. There was no objection to any of the testimony on that ground and no complaint raised in the motion for a new trial. A variance can only be shown by affidavit, otherwise the variance is waived. R. S. 1889, sec. 2096; *Cayuga Co. Nat. Bank v. Dunklin*, 29 Mo. App. 442. (2) On timely objection pleading can be amended to correspond with proof. R. S. 1889, sec. 2097. (3) The appellate court will not consider any matter of error or exception which has not been expressly passed upon by the trial court. R. S. 1889, sec. 2302; *Mellor v. Railroad*, 105 Mo. 455; *Haniford v. Kansas City*, 103 Mo. 172; *Burdoin v. Trenton*, 116 Mo. 358; *Beck & Pauli Lith. Co. v. Obert*, 54 Mo. App. 240. (4) The testimony of Thomas Strode was competent at the time given, whatever it may be now, and this court is confined to the record made below at the trial and can not reverse on what may have hap-

pened since.    (5) The controlling question in the consideration of resulting trusts is the ownership of the purchase money.    If the ownership be established beyond reasonable doubt, the resulting trust springs into being by implication of law and follows the ownership of the money.    *Shaw v. Shaw*, 86 Mo. 594.    And the same rule holds as to a portion of the purchase money. *Baumgartner v. Guessfeld*, 38 Mo. 36.    (6) Defendant's title to the land can be sustained on a verbal sale to her with delivery of possession and full payment of the purchase money.    *Rosenberger v. Jones*, 118 Mo. 559; *Grumley v. Webb*, 48 Mo. 586; *Hays v. Railroad*, 108 Mo. 544; *Anderson v. Shockey*, 82 Mo. 250; *Dickerson v. Chrisman*, 28 Mo. 134; *Tatum v. Brooker*, 51 Mo. 148; *Adair v. Adair*, 78 Mo. 630; *Price v. Hart*, 29 Mo. 171; *Charpiot v. Sigerson*, 25 Mo. 63.

GANTT, P. J.—The writ of error in this case seeks to reverse a judgment of the circuit court on an issue made by the answer of Mrs. Lucy Strode, one of the tenants in common of a large tract of land in Bates county which was being partitioned among the heirs of N. B. and E. W. Coleman.    Mrs. Strode made no opposition to the partition save as to a tract of thirty-one acres off of the east end of the north half of the southeast quarter of section 32, township 41, range 29, of which she averred she was the sole equitable owner, but of which said N. B. and E. W. Coleman had the legal title at the time of their respective deaths; that Mrs. Strode was the owner of thirty-one eightieths of said eighty acre tract by reason of the fact that said N. B. and E. W. Coleman paid for it with her money and at all times recognized and admitted that they were her trustees.    That in their lifetime they measured off and set apart to her, said thirty-one acres to indicate where her line ran.

The circuit court found the allegations of her answer to be true and decreed title to her in said tract, and proceeded to partition the remainder of the lands described. From so much of the decree as awarded this tract to Mrs. Strode, plaintiffs prosecute this writ of error. Mrs. Strode has since died and her heirs have been substituted in her stead, and have waived service and appear by their counsel.

I. No objections whatever were taken to testimony on the trial, but it is now urged that the evidence of Thomas Strode, a son of Mrs. Strode, should now be rejected because by his mother's death since the judgment in her favor, he has become a party to the record, and as he testified to conversations and admissions of E. W. and N. B. Coleman who were dead at the time of the trial, his incapacity should relate back and exclude his otherwise competent testimony. No rule of appellate procedure is more entrenched by reason and authority than that which restricts the court of errors to the record as made in the trial court. It is so manifestly just that it has received alike the commendation of the judicial and legislative departments. The competency of evidence or of the witness must be determined by his relation to the case at the time his evidence is offered. If by the rules of law the evidence is competent, then it must be admitted and considered and no subsequent incapacity or incompetency resulting from some subsequent change of relationship is permitted to destroy the legality of the evidence when taken. Judgments and decrees would rest upon too uncertain foundations if the doctrine contended for should prevail. It results that the evidence of Thomas Strode must be considered in determining the sufficiency of the evidence to sustain the decree of the circuit court.

II.   After a careful examination of the record in conjunction with the briefs of counsel it seems that the principal point of attack is that Mrs. Strode in her answer relied upon a resulting trust, whereas her proofs made out a contract of purchase and a partition *in pais* of the eighty acres known as the Ray land, and consequently the pleadings would not support her judgment.

It will be observed that the suit was for the partition of the whole of this eighty acres as the lands of E. W. and N. B. Coleman.   Such was the averment in the petition.   Mrs. Strode denied that thirty-one acres of said eighty was the property of her said brothers, and alleged that she was the equitable owner of said thirty-one acres, and that her brothers held the legal or paper title in trust for her.   She then proceeded to show by specific averments how she acquired her title, to wit, that her said brothers purchased said eighty for themselves and Mrs. Strode, and paid for the thirty-one acres with her means in their possession.   She then proceeds to allege that they made a parol partition by admeasuring and setting off to her her thirty-one acres, and promised to convey the same, but neglected to do so.   Construing this answer as a whole we think it sufficiently charges a parol partition, fully executed in the lifetime of the Coleman brothers and Mrs. Strode, and the learning invoked as to the essentials of resulting and express trusts is inapplicable to the case alleged and proven.

The evidence was not contradicted that the Coleman brothers always admitted that their sister was entitled to a share in the land; that they obtained her deed to Bellew upon the express agreement that they would secure to her her share in the Ray land.   That they did mark off to her the thirty acres and put up a stone corner and that her son and tenants for her did cultivate this thirty acres is too clear for dispute.

Having been placed in actual possession, cultivated and rented it as her sole property, and having built fences and planted hedges on it, her equity to this land does not depend upon loose, uncertain and unsatisfactory verbal statements, but was made out we think by positive and consistent evidence of an actual partition and division of this eighty acres in pursuance of an equally well established right thereto growing out of the sale of her shares in other lands held by her and her brothers. The judgment of the circuit court is clearly for the right party and is affirmed. SHERWOOD and BURGESS, JJ., concur.