## SPRAGUE v. SEA, Administrator, Appellant.

### Division Two, November 14, 1899.

1. **Prima Facie Case:** SUIT FOR WAGES. In a suit on a common count of *quantum meruit* for work and labor done at the instance and request of the employer, proof that the services were performed and accepted makes out a *prima facie* case.

2. ———: ———: IMPLIED CONTRACT: REASONABLE COMPENSATION. Where there is no express contract of employment existing between one who engages another to labor for him and such employee, the law implies an agreement on the part of the employer to pay the reasonable value of the employee's services.

3. **Witness:** INCOMPETENCY: NO EXCEPTION. If no objection was made at the trial that plaintiff was incompetent as a witness because the other party to the contract was dead, the objection will not avail on appeal.

4. ———: LABOR: EXPERT TESTIMONY. One who has had large experience in housekeeping and in hiring domestic servants, is a competent witness to testify concerning the value of housework and the management of a large house and many servants.

5. **Suit for Wages:** INSTRUCTION: MEASURE OF COMPENSATION. Under the pleadings in this case it was not error to give an instruction for plaintiff to the effect that it is admitted by the answer that the only compensation rendered plaintiff by deceased for her thirteen years' service was her board and clothing. It is also held that an instruction given for appellant which measured her compensation by her board and clothes and a provision in deceased's will for an annuity of $500 for life, was erroneously given.

6. **Erroneous Instruction for Appellant.** Appellant can not profit by an erroneous instruction given in his own behalf, however inconsistent it may be with a proper one given for respondent.

*Appeal from Jackson Circuit Court.*—HON. JOHN H. SLOVER, Judge.

AFFIRMED.

ROBERT T. RAILEY and JOHN A. SEA for appellant.

(1)   This being a suit against an administrator, respondent was wholly incompetent to testify on any matter occurring prior to grant of letters of administration.   The court err.d in permitting Miss Sprague to testify in the case.   R. S. 1889, sec. 8918; Leeper v. Taylor, 111 Mo. 312; Nowack v. Berger, 133 Mo. 24.   (a)   Having a legal, direct and certain interest in the suit, she was disqualified.   Banking House v. Rood, 132 Mo. 256.   (2)   The testimony of Mrs. Minnie Taylor as to value of service was purely an opinion on ordinary, every day matters since she nowhere states that she knew the value of such service.   Facts should have been told and value of service left to jury, they forming the opinion, it nowhere appearing that the jurors were not capable to draw correct conclusions from facts proved.   Benjamin v. Street Ry., 133 Mo. 274.   (3)   Instruction 5 is especially vicious, as it misstates the admission made in appellant's answer. An instruction should not assume a theory as admitted by the pleadings unless it is so admitted, and its hypothesis should be within the limits of the pleading.   The essential fact (that the board and clothing was given as a compensation or payment), embraced in its hypothesis was not within the limits of the pleading.   For this fault it should be condemned. Halpin Mfg. Co. v. School District, 54 Mo. App. 371; Lenox v. Harrison, 88 Mo. 495; Merritt v. Poulter, 96 Mo. 240; Bender v. Dongan, 99 Mo. 130; Crews v. Lackland, 67 Mo. 621. (a)   It assumes the admission of facts which were put in issue by the pleading.   By it the precise and especial ground of the defense was in a great measure withdrawn from the consideration of the jury, thrown in the background and apparently negatived altogether.   It assumes that the board and clothing were given as a compensation on an express or implied contract for work and labor.   Thompson v. Botts, 8 Mo. 710; Stone v. Hunt, 94 Mo. 475; State ex rel. v. Mason, 96 Mo.

559; State v. Wheeler, 79 Mo. 366; Robertson v. Dane, 100 Mo. 273. (b) It does not fairly submit the case presented by the pleading. Brown v. Railroad, 101 Mo. 484; Willmet v. Railroad, 106 Mo. 555; Railroad v. Railroad, 118 Mo. 599; Matson v. Frazier, 48 Mo. App. 302. (c) It also withdraws from the jury an issue of fact. Turner v. Loler, 34 Mo. 461; Sawyer v. Railroad, 37 Mo. 240; State ex rel. v. Mason, 96 Mo. 559; Robertson v. Dane, 100 Mo. 273.

WARNER, DEAN & McLEOD for respondent.

(1) The defendant at this time can not urge that plaintiff was incompetent as a witness, for the reason that no objection whatever was taken to her testifying at the time. The defendant, moreover, cross-examined the plaintiff. By not objecting to the incompetency of a witness it is waived. Foster v. Railroad, 115 Mo. 183; Burdoin v. Trenton, 116 Mo. 373; Kash v. Coleman, 145 Mo. 649; In re Estate of Soulard, 141 Mo. 642; Borgess Inv. Co. v. Vette, 142 Mo. 569; Farber v. Railroad, 139 Mo. 284. (2) The evidence given by plaintiff herself, however, was not incompetent under section 8918, Revised Statutes 1889. This evidence simply tended to prove certain physical facts, the existence of which was independent of any and all contracts between the parties. These facts were not peculiarly within the knowledge of plaintiff, but are testified to by several other witnesses for plaintiff, and are uncontradicted. The witness was not allowed by the court to testify to any transactions between herself and deceased. Her "competency depends upon the character of the evidence offered." In regard to independent facts she was competent. Banking House v. Rood, 132 Mo. 263; Bank v. Payne, 111 Mo. 298; Bates v. Forcht, 89 Mo. 121; Kuhn v. Ins. Co., 71 Mo. App. 309; Whaley v. Peak, 49 Mo. 82. (3) An instruction similar to instruction number 1, given on behalf of plaintiff, was approved in the cases of Reando v. Misplay, 90

Mo. 256, and Koch v. Hebel, 32 Mo. App. 111.   (4)   There is nowhere in the record any evidence whatever to support instruction number 5, asked by defendant.   It was therefore properly refused by the court.   Stone v. Hunt, 114 Mo. 74; State ex rel. v. Hope, 102 Mo. 427; McKeon v. Citizens Ry., 42 Mo. 86; Sherrell v. Murray, 43 Mo. App. 236; Regan v. Railroad, 144 Mo. 636.

GANTT, P. J.—By this action plaintiff seeks to recover of the estate of Harvey M. Vaile compensation for her services rendered him in his lifetime as his housekeeper, and in attending to his other affairs from February, 1883, to June 4, 1894.

The petition contains two counts.   The first is the common court of *quantum meruit*, and the second relies upon an express contract for said services.

Defendant for answer to the first count of plaintiff's petition admits that he is the administrator of the estate of said Harvey M. Vaile, deceased, as stated in said petition.   Admits that said Harvey M. Vaile furnished the plaintiff with her board and clothing from the fourteenth day of February, 1883, to the fourth day of June, 1894. Denies that said Harvey M. Vaile became indebted to the plaintiff in the sum of $5,608.30, or in any sum whatever on account of services rendered by her as a general housekeeper, or in attending to his business in or about his home in Independence, Missouri, or on account of any services of any kind whatever rendered by her for him. Avers the fact that said Olivia Sprague is a cousin of said Harvey M. Vaile; that she lived with the family of the said Harvey M. Vaile during the time mentioned in said first count of said petition as a member of his family and that whatever services she performed, if any there were, were rendered gratuitously as such member of his family and without any expectation on the part of the plaintiff at the time, of making a charge thereof, or on the part of said H. M. Vaile of paying

anything therefor; that the said H. M. Vaile considered plaintiff as a member of his family and furnished her with said clothing and board as such, and as such, by his last will and testament, bequeathed to her, the said plaintiff, an annuity for and during her natural life of five hundred dollars, and provided by his said will that said sum of five hundred dollars should be paid to her each year out of his said estate. Defendant denies each and every allegation in said first count of plaintiff's petition not hereinbefore expressly admitted, and asks that plaintiff take nothing by her said first count, and that defendant have and recover his costs herein expended.

The second defense is the same to the second count.

The reply was a general denial.

The cause was tried to a jury in the circuit court of Jackson county and resulted in a verdict for plaintiff for $5,802.86. Defendant appeals.

It appears that Harvey M. Vaile for many years previous to his death lived near Independence, in Jackson county. His residence was one of the handsomest and largest in said county. The grounds were extensive and ornamented with the choicest shrubbery and flowers. He was also an extensive breeder of pedigreed cattle. He traveled much, and during his absence Miss Sprague, the plaintiff, superintended his business, as well as his household affairs. The house contained about twenty rooms. Besides herself only two servants were employed to run it. About fifteen workmen were usually employed on the premises and took their meals there. It is a conceded fact that during all the time for which she sues, plaintiff was the housekeeper. Mr. Vaile in his last will recites that "Miss Olivia Sprague has looked after my household affairs for many years." Plaintiff's evidence tended to prove that her services were well worth $500 a year.

The theory of the defense, as it is gathered from the answer and instructions asked by the defendants, is that Miss

Sprague being a relative of the decedent did not expect compensation for her services and did not intend to charge therefor when she rendered them; that the decedent promptly paid all his bills and it was a fair presumption that one so punctual in meeting his obligations would not have let this matter of plaintiff's wages run for ten years; that the testator intended to and did provide for plaintiff by a provision in his will, and that the board and clothing furnished and this provision in his will were a full satisfaction for the services rendered.

Various errors are assigned in two briefs by the defendant.

I.    The demurrer to the evidence was properly overruled.

It is elementary law that if I employ a person to do business for me or perform any work the law implies that I undertook or contracted to pay him as much as his labor is reasonably worth, and in an action like this on the common count of *quantum meruit* for work and labor done and performed at the instance and request of the defendant's intestate, proof that the services were performed and that he accepted the work makes a *prima facie* case. It was abundantly established that plaintiff with the knowledge and approval of Mr. Vaile, looked after his household and other business affairs during all the time for which she sues, and that her labors were reasonably worth $500 a year. Granting that there was no evidence of an express contract, the law implies an agreement on the part of deceased to pay the reasonable value of her services.

Certainly the mere fact that she was a second cousin in and of itself raised no presumption that she was rendering her services gratuitously, but it was a question of fact properly submitted to the jury whether or not she was to be compensated therefor.

II.   The objection now urged that plaintiff was not a competent witness for any purpose in the case was not raised in the circuit court and hence it can not avail defendant in this court.   [Kash v. Coleman, 145 Mo. 645.]   Defendant did object to certain specific questions which tended to bring out facts between the deceased and plaintiff, and these the court sustained in almost every instance.   Two questions only that we recall were answered over objections, and these were merely as to the number of servants employed on the farm, and the length of time Mr. Vaile was absent from the place.   These facts were fully established *aliunde* and we can safely say that no possible harm resulted from permitting them and in such case the statute forbids this court to reverse the case.   [Young v. Hudson, 99 Mo. loc. cit. 106; Lane v. Lane, 113 Mo. loc. cit. 507.]

III.   It is also insisted that Mrs. Minnie Taylor's evidence should have been excluded because it was an opinion as to an ordinary every day matter.   Mrs. Taylor had testified that she was the daughter of General Caldwell of Leavenworth. She had often visited Mr. Vaile; that Miss Sprague had entire charge of the house and about the place outside; she did all the housekeeping and made all the purchases for the house; directed all the servants; it required a great deal of labor. That she did what in other houses of like size a house girl is employed to do, and in addition superintended putting up fruit, making butter, etc.   Witness had kept house herself for her father some fourteen years.   She was then asked, taking the character of the duties performed, the size of the house and all the circumstances, what in her opinion would be a reasonable value for such services?   Defendant objected because she was not qualified, and no foundation laid for the question.   The objection was overruled and the witness answered, the services were worth $500 a year.   It would cost that if you hired it done.

This exception can not work a reversal, for two reasons. The objection itself is too indefinite to advise this court upon what ground it was deemed incompetent.

If, however, it be sufficient to raise the point that a non-expert witness is incompetent to give his or her opinion after stating all the facts upon which such opinion is based, it must be remembered that the rule that a non-expert witness can not give his opinion has well established exceptions. In Straus v. Railroad, 86 Mo. loc. cit. 433, this court said: "Where the value of property is in question, a witness, who states that he is acquainted with the value of that kind of property, may give his opinion of the value of the property in dispute. So, where the question of the sanity of a person is involved, a witness may give his opinion, provided he states the facts upon which it is founded." In Kelly v. Rowane, 33 Mo. App. loc. cit. 446, the St. Louis Court of Appeals, in a case in which objection was made to the testimony of carpenters as to the value of the services of some boys employed to aid carpenters work on the ground, that they were not experts, said: "The value of ordinary labor is a matter of such common knowledge that almost any intelligent citizen may be presumed to know it, and one who employed such labor constantly may well be regarded competent to testify concerning it." Certainly there is no special science, art or trade about housekeeping or the value of ordinary services in so doing.

"Employers of labor are competent to testify as to the value of the services of one in like employment." [Rogers on Expert Testimony (2 Ed.), p. 379.] "So it has been held that neighbors, who had employed servants to do like work, are competent to testify to the value of services of a girl employed to do housework, and that the value of the services of a farm laborer may be shown by the testimony of those who had employed him." [Ib., pp. 379, 380.]

Mrs. Taylor had had large experience in housekeeping and hiring domestic servants and after detailing her knowledge of the work done by Miss Sprague, its character, etc., we think she was competent to give her opinion of its value.

IV.   For the plaintiff the court gave the following instructions:

1.   "The court instructs the jury that where services are rendered a contract or obligation to pay will be presumed, but a presumption may rise from the relationship of the parties that the services rendered are acts of gratuitous kindness, and in this case it is a question for the jury, taking into consideration all of the circumstances, including the nature of the degree of the relationship of the plaintiff to the deceased, Harvey M. Vaile, and their circumstances in life, to determine whether there was an implied contract for compensation or not; and if you find from the evidence that the plaintiff rendered services to the deceased, Harvey M. Vaile, in attending to his business in and about his place near the city of Independence, in the county of Jackson and State of Missouri, and that it was understood between them that the plaintiff should receive pay for such services to said Harvey M. Vaile, then you will find the issues on the first count of the petition herein for the plaintiff, and allow her in your verdict such sum as you may believe from the evidence in this case she is entitled to, not exceeding the sum of five hundred dollars a year with interest thereon at the rate of six per cent per annum from the 25th day of August, 1895, the date of the filing of her petition herein.

2.   "If you find the issues on the first count in the plaintiff's petition under the last foregoing instruction, for the plaintiff, in ascertaining what compensation you will allow her you must confine yourselves to compensation for such services as you may believe the plaintiff to have rendered for the deceased, H. M. Vaile, between the 14th day of February, 1883, and the 4th day of June, 1894, and allow her for such

services as you may believe to have been rendered, a sum not exceeding five hundred dollars a year."

Also two others, numbered 3 and 4, substantially like the foregoing, and one numbered 5, as follows:

5. "The court instructs the jury that under the pleadings in this case it is admitted that the only compensation received by the plaintiff from Harvey M. Vaile for such services, if any you may find from the evidence were rendered by the plaintiff for such deceased, was her board and clothing, and the defendant is bound by such admission."

It is objected to these instructions that they were not confined within the limits of the pleadings. The objection is obviously not tenable as to said instructions numbered one and two. It is difficult to see how they could have been more pertinent to the case in hand. They are substantial rescripts of the instruction approved in Reando v. Misplay, 90 Mo. 251. The argument of defendant, orally and in the briefs, assaults the fifth instruction as notably vicious in misstating the admission in defendant's answer, in that the essential fact, to wit, the board and clothing were given as a compensation or payment, embraced a hypothesis not within the pleadings and that this error was aggravated by telling the jury that defendant was bound by the admission in his answer.

This assignment can best be tested by reproducing the part of the answer referred to and the instruction in juxtaposition:

Sprague v. Sea.

The answer is in these words:

"This defendant denies that the said Harvey M. Vaile became indebted to the plaintiff in the sum of $5,608.30, or in any sum whatever on account of services rendered by her as general housekeeper, or in attending to his business in or about his home place in Independence, Mo., or on account of any services of any kind whatever rendered by her for him.

"This defendant avers the fact to be that said Olivia Sprague is cousin of said Harvey M. Vaile; that she lived with the family of the said Harvey M. Vaile during the time mentioned in said first count of said petition as a member of his family and that whatever services she performed, if any there were, were rendered gratuitously as such member of his family and without any expectation on the part of plaintiff at the time of making a charge therefor, or on the part of said H. M. Vaile of paying anything therefor; that the said H. M. Vaile considered plaintiff as a member of his family and furnished her with said clothing and board as such, and as such by his last will and testament, bequeathed to her, the said plaintiff, an annuity for and during her natural life of five hundred dollars, and provided by his said will that the sum of five hundred dollars should be paid to her each year out of his said estate."

The fifth instruction is as follows:

"The court instructs the jury that under the pleadings in this case it is admitted that the only compensation received by the plaintiff from Harvey M. Vaile, for such services, if any you may find from the evidence were rendered by the plaintiff for such deceased, was her board and clothing, and the defendant is bound by such admission."

Counsel for defendant insists that this fifth instruction told the jury that plaintiff never received anything for her services except her board and clothing.

We think this is so, and the question is, was it not justified by the answer?

Vol. 152 mo—22

The court had clearly told the jury that they were to determine whether her services were rendered gratuitously and without expectation of reward, or under an understanding and implied contract that she should receive what her services merited. Looking to the answer, we think the court correctly construed it. There is no claim in it that plaintiff ever received anything but her board and clothing, and any claim that she had would have been utterly inconsistent with the allegations of the answer. We think the criticism of the instruction is not sustained by the record. This we say independently of the contemporaneous construction placed on the answer by defendant himself at the trial when he asked and obtained from the court the instruction number 2 for defendant.

2. "The court instructs the jury that if you believe from the evidence that the plaintiff rendered services for H. M. Vaile, yet if you further believe that she was to be fully compensated therefor by her board and clothing and a provision for her in his will, and that he did so provide for her, then she can not recover and your verdict must be for the defendant."

A party is held in this court to the theory in which he tries his case in the circuit court. Now independently of the answer of the defendant there was no such issue tendered in the pleadings as he tenders in this instruction. If it was not his theory that plaintiff had been fully compensated by her board and clothing for her services, then he ought not to have asked this instruction, and received the full benefit of that contention.

Unless defendant intended by his answer to tender the issue that plaintiff's board and clothing had been received as compensation then nothing can be clearer than that this instruction was absolutely without the limits of the pleadings and for that reason erroneous.

Counsel also urges that the instructions are palpably in-

consistent.    Granting that this is true, defendant obtained the erroneous instruction and it is the settled law of this State that a party is estopped from complaining of an error of his own creation and committed at his request.    [Reardon v. Railroad, 114 Mo. 384; Wilkens v. Railroad, 101 Mo. loc. cit. 105; Baker v. Railroad, 122 Mo. loc. cit. 598; Francis v. Railroad, 127 Mo. loc. cit. 675; Hahn v. Dawson, 134 Mo. loc. cit. 591 and 592.]

For the same reasons instruction number 3 for defendant was erroneous.    There was no plea of payment, and by obtaining it defendant obtained an instruction on an issue outside of his answer.

On the whole case, the verdict is obviously for the right party, and the judgment is affirmed.

BURGESS, J., concurs; SHERWOOD, J., absent.