H. W. CARIS et al., Appellants, v. NIMMONS & BEN-
NETT, Respondents.

### St. Louis Court of Appeals, February 4, 1902.

1. **Incompetent Evidence:** CAN NOT BE FIRST OBJECTED TO IN
   APPELLATE COURT. Where incompetent evidence to prove a ma-
   terial fact is admitted without objection, the evidence must be con-
   sidered as part of the case and the incompetency thereof can not
   be first objected to on appeal.

2. **Trespass:** PURCHASER OF TIMBER CUT ON LAND OF AN-
   OTHER, WHEN LIABLE AS TRESPASSER. Where one buys from
   a trespasser timber cut on land of another, and has guilty knowledge
   of the trespass before completing the purchase, he may be held
   liable by the owner for treble damages under the Missouri statute.

3. **Evidence.** Evidence in the case reviewed and held sufficient to
   submit as proof that defendants participated in a trespass in timber-
   cutting.

4. **Guilty Knowledge:** WHEN PROVEN. Where a person upon be-
   being informed that timber shipped to his sawmill was cut by tres-
   passers from certain land "seems to know all about it;" says that he
   has an agreement of indemnity; admits that he knew at the time of
   receipt that the wood came from said land, and that he paid for it
   after knowledge of the ownership of the land and of the trespass;
   *held*, that said facts tend to prove a guilty knowledge of the said
   trespass.

5. **Credibility:** OF EVIDENCE IS FOR JURY. Where there is
   substantial evidence tending to support the plaintiff's case, the
   question of its credibility is for the jury.

6. **Admission:** OF ONE PARTNER BINDING ON FIRM: TRES-
   PASS. An admission by one partner touching the firm business is
   binding on the firm concerning facts involving a liability for treble
   damages for trespass.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,*
Judge.

REVERSED AND REMANDED.

*J. R. Young* for appellant.

(1)   All persons who aid or abet others in committing a trespass, or assent to it after same is committed, or countenance or approve the same or receive the fruits or benefits of same with knowledge thereof, are original trespassers and equally liable with the actual trespassers to the injured party and for entire amount of injury.   Anderson v. Kincheloe, 30 Mo. 527; Halliday v. Jackson, 21 Mo. App. 667; Califax v. Chapman, 7 Mo. 176; Allred v. Bray, 41 Mo. 487; McManus v. Lee, 43 Mo. 206; McNichols v. Nelson, 45 Mo. App. 453; Halliday v. Jackson, 30 Mo. App. 264.   "The pivotal question was (and upon it the liability of the defendant hinged) whether the defendant bought the ties with guilty knowledge of the trespass."   Land & Lumber Co. v. Tie Co., 79 Mo. App. 546-7.   (2)   When one withholds property, not his own, from the true owner, who has been wrongfully deprived thereof, he may be held, on that evidence alone, to have assented to the wrongful act by which the possession was obtained.   Anderson v. Kincheloe, 30 Mo. 527; McNichols v. Nelson, 45 Mo. App. 453.   (3)   "The question as to whether defendant received the timber with guilty knowledge of the wrongful taking, should have been submitted to the jury or a peremptory instruction should have been given to the jury for plaintiff."   Halliday v. Jackson, 21 Mo. App. 67; Anderson v. Kincheloe, 30 Mo. 527; McNichols v. Nelson, 45 Mo. App. 453; Land and Lumber Company v. Tie Company, 79 Mo. App. 547.

*R. Wammack* and *Walker & Cox* for respondents.

(1)   Appellant can not sue for malicious trespass and recover on proof of simple conversion; the two causes of action are entirely different; it is an instance of entire failure of proof.   Miller v. Clark, 78 Mo. App. 447.   We concede that

under the law as laid down by this court a man may sue for treble damages and recover for trespass at common law. But he can not sue as for statutory or common-law trespass and recover upon proof of detinue simply. He can not allege a trespass, whether active or constructive, and recover upon proof that defendant has bought property from a third party, which did not belong to that party, but belonged to plaintiffs. (2) The appellate court will not decide upon the sufficiency of the evidence to warrant an instruction unless all the evidence be preserved in the bill of exceptions. Boland v. Railroad, 36 Mo. 484; Wesby v. Bowers, 58 Mo. App. 419; White v. Gray, 32 Mo. 447; Christopher v. White, 42 Mo. App. 428; Barge Resort v. Brooke, 10 Mo. 531; McCarroll v. Kansas City, 64 Mo. App. 283. If the plaintiffs be not in actual possession, they must have the legal title to sustain trespass. Hammontree v. Huber, 39 Mo. App. 326. Trespass does not lie for trespass by a person actually in possession of the premises, though the possession may be unlawful. Hawkins v. Roby, 77 Mo. 140; Harris v. Sconce, 66 Mo. App. 345. Delivery to the carrier at Ardeola was delivery to defendants. Comstock v. Affoelter, 50 Mo. 411; Scharff v. Meyer, 133 Mo. 428.

BARCLAY, J.—This is an action for trespass to real estate by cutting timber. The first count of the petition is founded on the statute (R. S. 1899, sec. 4572) permitting the recovery of treble damages in some cases. The second count seeks to recover on the same state of facts, but asks as damages only the actual value of the lumber manufactured from the timber in question.

The contention of plaintiffs in substance is that defendants, Nimmons & Bennett, with one C. M. Crisman, wrongfully and unlawfully entered upon plaintiffs' land in Stoddard county, Missouri (consisting of section 23, township 27, range 11 east, therein), with their agents, servants, etc., and willfully and unlawfully cut down and carried away one hundred

and fifty white oak trees then standing on said section; that defendants had no right or interest in or to said land or timber. Plaintiffs' title to the land and timber was distinctly averred. The damages claimed in the first count was laid at $300 (the alleged value of the trees) and it was prayed in that count that the damages be trebled under the statute aforesaid. Single damages for the timber as manufactured into stave-bolts were claimed in the second count on substantially the same facts.

The case was tried with the aid of a jury. At the close of the evidence the court declared the law to be that the plaintiffs were not entitled to recover. Judgment was entered for the defendants accordingly.

The defendants are a firm operating a sawmill at Malden, Missouri.

Plaintiffs offered in evidence certain documents not set forth at large in the record; only their general features are therein mentioned. Defendants claim that because said documents are not copied at large the title of plaintiffs to the land does not sufficiently appear. However this may be, one witness for the plaintiffs testified that he was the son of Joel F. Caris; that the latter owned this land in his lifetime, and that the other plaintiffs and himself were the only living heirs of said Joel. His evidence came in without objection accompanied by other statements of the same witness to the effect that he was in possession of the land in June, 1897, on behalf of himself and the other heirs. There is no evidence whatever tending to show any defect of title in plaintiffs. The testimony admitted as above stated certainly tended to prove ownership and possession by plaintiffs of the tract in question. Even if that mode of proof of title was incompetent, the proof itself was entitled to be considered inasmuch as it came in without objection. Farber v. Railroad, 139 Mo. 272.

The real question of substance in the case is whether or not the entire testimony at the close of the trial tended to

show that the defendant firm of Nimmons & Bennett received the timber (cut upon section 23) with knowledge that the same had been wrongfully taken from said land. On this point the testimony of one of the witnesses for the plaintiff is as follows:

"Some time in the latter part of June, 1897, I learned that parties were cutting timber on the land mentioned. I was in charge of the land for myself and the other heirs, so I wrote to J. R. Young, an attorney at Bloomfield, Missouri, to look after the matter. I had given no one authority to cut the timber on the land mentioned, neither had anyone else for me or the other heirs. About the fifteenth day of July, 1897, I went to Bloomfield, Missouri, to see about the matter personally. I think it was that date I went with Mr. Young to see H. A. Bennett, of the firm of Nimmons & Bennett, at Malden. It was a day or two before that date or a day or two after, if not that date, that we called on Mr. Bennett. Mr. Young spoke to Mr. Bennett about having written Nimmons & Bennett notifying them that C. M. Crisman and J. P. Jones were having timber cut on said section 23 and making it into heading bolts and shipping it to Mr. Bennett's firm, Nimmons & Bennett at Malden, Missouri. Mr. Bennett seemed to know all about it and said he had heard from Crisman and that Crisman had agreed to indemnify the firm of Nimmons & Bennett. He admitted that he had received the bolts and knew they were the bolts made from the timber on said section 23, cut by Jones, at the time he received them. He said Crisman had told him about it and that he would look to Crisman and let us fight it out. He admitted that he had paid Crisman for the timber after the timber had reached Malden and that he knew that I claimed the timber, and knew that it came from our said section 23. He admitted that he knew all about our ownership of said section 23 at the time of receiving the timber. He showed us an indemnifying bond, which he claimed to have exacted of Crisman before he took the timber, because the timber came off of said section 23 and said if I made

him pay, he was all right anyway. About July 20, 1897, I scaled the timber which had been freshly cut on said section 23. The value of the timber, cut down and hauled away, was fully $300."

The law on the subject of participation in trespasses of this kind is so far settled as to affirm the proposition that where a party buys timber which has been wrongfully and unlawfully cut from another's real property, and acquires the same with "guilty knowledge of the trespass," the purchaser, in such circumstances, becomes a party to said trespass itself, and may be held to answer therefor. It is not sufficient in this kind of action to show that a purchaser has bought timber wrongfully cut from another's land. It is necessary, in order to fix liability, to further prove, that at the time the buyer acquired the timber he was aware that the same had been wrongfully taken from another's land. Neither the statute nor any other law holds one answerable for a trespass of this sort without proof that the property was obtained with knowledge that the seller was not the true owner thereof, and that it had been acquired by the trespass complained of. Holliday v. Jackson, 21 Mo. App. 660, and 30 Mo. App. 263; Holliday-Klotz Land Co. v. Tie Co., 79 Mo. App. 543.

No count of the petition in this case can fairly be construed to contain a claim for mere conversion of the property. If mere conversion of the timber had been charged, other principles might be applicable which are not now germane to the merits of the controversy.

We are of opinion that the testimony above quoted tends to prove that the firm of which Mr. Bennett was a member acquired the timber with knowledge that it had been wrongfully and unlawfully cut from the land of plaintiffs. The latter were entitled to have that testimony submitted to the jury upon the issue of knowledge by defendants of the trespass by which the timber came into the possession of Crisman, and

thence reached them. It was for the jury to·say what credence said testimony should have.

No objection was made to any of the evidence above quoted on the ground that it did not correspond to the allegations of the petition. If the jury accepted as true the statements of the witness quoted they would have been warranted in finding that defendants were aware of the wrongful taking of the timber from the land in question when they· acquired the timber from Crisman. It is true that the evidence alluded to was given in the form of admissions by one of the defendant partners. But it further appeared ·that the admissions were directly pertinent to the business of the sawmill which defendants conducted. The admissions of one partner, touching the business carried on by his firm, are binding upon both members thereof, even though they may involve such a liability as is imposed by our statute touching treble damages for trespasses of this class.

It follows that the judgment should be reversed and the cause remanded for a new trial. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.