GRAHAM, Respondent, v. Estate of RACHAEL RAPP, Appellant.

St. Louis Court of Appeals, March 29, 1904.

1. **CONTRACTS: Validity: Administration.** Where the evidence showed that a decedent had intended to bequeath a certain sum to plaintiff, but did not do so, and had promised that plaintiff should be paid that sum after decedent's death if the bequest was not made, for extra services performed by the plaintiff, plaintiff's claim for the amount was properly allowed against decedent's estate.

2. ——: ——. Where a servant employed at stipulated wages, performed extra work with the expectation of receiving extra compensation, which the employer had promised in a definite sum, she was entitled to recover such sum, although she testified that she would have performed the services without any promise of compensation.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Walker & Cox* for appellant.

(1) It is conceded that if plaintiff has shown an agreement to pay $500 for services performed and to be performed, she may recover under proper pleadings. But we contend that plaintiff must show an agreement express or implied to pay for such services. Swan v. Dale, 90 Mo. App. 87. (2) Where a claim of this kind is not asserted until after the alleged debtor's death, and particularly where it covers a long period of time, the staleness of the claim is calculated to awaken suspicion of its validity, and nothing short of unequivocal evidence of the truth of the claim will satisfy the plainest demands of justice and good faith. Woerner's Am. Law of Admn., sec. 825. (3) Services rendered on

mere expectation of legacy do not constitute a good cause of action. Miller's Estate, 136 Pa. St. 239. (4) The evidence of a promise to pay for services (and not a promise for love and affection) should be direct and positive. King's Estate, 150 Pa. St. 143; Sloniger v. Sloniger, 161 Ill. 270. (5) Where a party voluntarily does an act or renders a service, and there is no intention at the time that he shall charge therefor, or that the other party shall pay, he can not recover for such service. Kammerman v. Wiggington, 70 Mo. App. 476; Allen v. College, 41 Mo. 309.

*C. P. Hawkins* and *Wilson Cramer* for respondent.

Appellant cross-examined the plaintiff, and thereby waived any question as to the admissibility of her testimony. Foster v. Railroad, 115 Mo. 183; Burden v. Trenton, 116 Mo. 373; Cash v. Coleman, 145 Mo. 649; Estate, Soullard, 141 Mo. 642; Ins. Co. v. Vett, 142 Mo. 569; Faber v. Railroad, 139 Mo. 284; Sprague v. Sea, 152 Mo. 327; Shannon v. Carter, 99 Mo. App. 134; Moore v. Coleman, 95 Mo. App. 202; Strother v. DeWitt, 98 Mo. App. 293; Lillard v. Wilson, 178 Mo. 145; 15 Am. and Eng. Ency. Law, p. 1074 to p. 1083, 67 S. W. 285, 60 Mo. App. 558; 86 Mo. 197; 167 Mo. 342.

GOODE, J.—This proceeding was instituted in the probate court of Dunklin county by respondent presenting a demand for five hundred dollars against the estate of Rachael Rapp, alleged to be due respondent on an understanding between her and Rachael Rapp, that she should be paid that sum when said Rachael died, for services rendered by the respondent in superintending and managing a hotel conducted by the deceased in the town of Malden. Respondent was in the employ of Mrs. Rapp as a domestic for eighteen years; during most of the time in the hotel. Her principal duties were those

of a dining-room girl; but in addition, she helped manage the house, and in truth, entirely controlled it during long periods when Mrs. Rapp was absent on account of her health.   She appears to have been greatly relied on by the deceased in conducting the household affairs and her services in that respect were recognized as extra work which entitled her to extra compensation besides her regular wages.   The testimony leaves no doubt that Mrs. Rapp promised respondent such extra compensation, to be received by the respondent when she (Mrs. Rapp) died.   The deceased cherished a purpose to provide for the respondent by her last will, as was conclusively proven by several witnesses and not denied by the administrator of the estate.   A short time before her death Mrs. Rapp sent for Mr. Cox, who is now one of the attorneys for the appellant, with the view to making her will, and told him she wanted to bequeath $500 to the respondent.   The position of the appellant is that the demand must be rejected because the evidence discloses no more than an unperformed intention on the part of the deceased to make such a bequest.   Doubtless the evidence shows an intention to make testamentary provision for the respondent.   Mr. Cox testified that in the conversation he had with the deceased she explicitly declared that intention and was only deterred from then carrying it into effect by the fact that she had not fully made up her mind how to dispose of the rest of her estate and hence deferred making her will.   But the testimony shows, too, that the deceased intended the respondent should get $500 at her death whether she made a will or not; that the payment of it should depend on no contingency in respect to the will.   Mr. Cox swore she said to him on the occasion mentioned, that if she did not make a will, she wanted either him or Mr. Walker to see that Miss Graham got $500 of her estate. The conclusion is inevitable that the deceased, while she contemplated a bequest to the respondent, fully intended

and agreed that respondent should receive the $500 which had been promised her for extra work if the bequest was not made. The understanding was more definite in this instance than such agreements usually are; for the amount to be paid was stipulated. Such contracts are enforced. Sprague v. Sea, 152 Mo. 327; Shannon v. Carter, 99 Mo. App. 134.

Appellant's further contention is that the extra services were voluntarily rendered and not in consideration of promised compensation; that they were rendered out of kindness of heart merely. While the testimony will bear the inference that respondent would have performed all the extra work she did had no reward been promised her, it is clear she was promised a reward and understood all the time she would get it when Mrs. Rapp died, either in the form of a legacy or by payment out of the proceeds of the estate. Respondent herself testified that for years Mrs. Rapp told her she should have $500 and that if it was not bequeathed by will, she should have it out of the estate; that she wanted the respondent to have it for her extra work. Mrs. Rapp further said she thought her relatives would not contest the allowance.

A witness, T. B. Bradley, testified to a conversation with Mrs. Rapp three or four years before she died in which she said she wanted Miss Graham "to have $500 for services she had done and for being so good to her and Mr. Rapp." Said witness testified as follows on the subject:

"Did you get the impression from this conversation with Mrs. Rapp that she wanted Miss Graham to have $500 out of her estate by reason of her doing extra services for her outside of her employment? A. Yes, sir.

"Q. That is the way you understood it? A. Yes, sir.

"Q. Did she say it was for extra services, or for being good to her; did she leave the impression upon your mind that she considered that she owed her that much, or that she was going to give her that much? A. She left the impression, this way, that Miss Sarah had been good in helping her and that she was going to give her $500."

Appellant's opposition to the allowance is based mainly upon the following testimony given by the respondent:

"Q. You worked outside of the dining room work? A. Yes, sir; I done it because I thought it ought to be done, and Mrs. Rapp was nice to me and because she was going to give me this $500, but I didn't do it on that account.

"Q. When did she discuss with you that you could get this, if she didn't leave it in a will? A. She did it several times three or four years before she died; she said she did not think her people would be contrary about it at all; she said they knew I had worked and how much trouble she would have had, had I not been with her."

The argument is that as respondent said she did not perform the extra work because of the promise to give her $500, therefore she can not recover. The fair inference from all her testimony, as well as all the testimony in the case, is that she would have rendered the extra services without any promise of payment and from sheer generosity of nature. But as she was actually promised payment and worked in expectation of it, it does not follow that she ought not to receive it. Both the probate and the circuit court allowed the plaintiff's demand, and the evidence fairly supports their decisions. At the trial in the circuit court all the declarations of law asked by the appellant were given. The theory of those declarations was that if the services were rendered without any understanding that they

were to be remunerated and from the promptings of a kindly disposition, the respondent could not recover; further, that if the only remuneration promised was a legacy in the last will of the deceased, the demand should be disallowed. Declaring the law in that form and then allowing the demand shows the circuit court found, not only that an understanding existed that the respondent was to be remunerated, but an understanding, too, that the remuneration should not be contingent on a bequest. The evidence admits of that interpretation and the judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.