# N. B. WILKINSON, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

**Springfield Court of Appeals, April 1, 1912.**

1. **TELEGRAPH COMPANIES: Failure to Transmit and Deliver Promptly: Action for Penalty: Sufficiency of Evidence.** The statute imposing a penalty on a telegraph company for failure to transmit and deliver a message promptly, must be strictly construed and in an action for such penalty it is essential to allege and prove that the message was delivered to an agent of the telegraph company at its office and that the charges were prepaid. In this case the evidence is examined and *held* sufficient to support the judgment against the defendant.

2. ———: ———: ——·——: ———. In an action against a telegraph company to recover the penalty for failure to promptly transmit and deliver a message, it appeared from the evidence that the plaintiff delivered a message and prepaid the charges thereon to a railroad station agent at C., who was authorized to collect the charges for the defendant. It also appeared that this agent was required to phone the message to another station, from which station it was transmitted over defendant's line. *Held*, sufficient to make a prima facie showing that the defendant had an office at C.

3. **APPEAL AND ERROR: Admission of Incompetent Evidence: Failure to Object.** Where the appellant permits testimony to go in without objection and then cross-examines the witness fully along the same line, he cannot on appeal be heard to complain that the testimony was incompetent.

4. **EVIDENCE: Admission of Incompetent Evidence: Probative Value.** Evidence that otherwise would be incompetent, if permitted to go in without objection, may be considered and its weight is for the trier of the facts.

5. **APPEAL AND ERROR: Finding on Substantial Evidence.** Where the finding of a court, sitting as a jury, is supported by substantial evidence, such finding is binding upon the appellate court.

6. **TELEGRAPH COMPANIES: Action for Penalty: Judgment: School Fund.** In an action against a telegraph company for the penalty for failure to promptly transmit and deliver a message, the judgment against the company must award one-third thereof to the school fund.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Geo. H. Fearons* and *Green & Wayland* for appellant.

(1) This is a suit for the enforcement of a statutory penalty. It is a well settled and unbroken rule in such cases, that before the plaintiff can recover, he must establish all the facts upon which the law predicates the right of action. Dunkin v. Life Ins. Co., 63 Mo. App. 260. (2) The statute upon which this suit is based, enjoins upon telegraph companies the duty of doing certain things which if not done, subjects them to the payment of a fixed penalty, and being penal, it should be strictly construed and nothing must be taken by intendment, but the statute shall apply only to such cases as come squarely and clearly within its provisions. Woods v. Telegraph Co., 59 Mo. App. 236; Rixke v. Telegraph Co., 96 Mo. App. 406; Eddington v. Telegraph Co., 115 Mo. App. 93; Parrish v. Railroad, 63 Mo. 284; Connell v. Telegraph Co., 108 Mo. 459; Bradshaw v. Telegraph Co., 150 Mo. App. 711. (3) Judge GRAY, in this court, held in the case of Bradshaw v. Telegraph Co., 150 Mo. App. 711, that in an action under such statutes as this, "it is especially necessary that the petition should state facts which will authorize an infliction of the penalty and if the petition does not state the facts to bring the party liable under the statute by its very terms, the defects therein cannot be cured by a verdict." This rule is elemental, but in support of it he cites Kingston v. Newell, 125 Mo. App. 389; Snow v. Bass, 174 Mo. App. 149; Slate v. Railroad, 83 Mo. 144; Wood v. Telegraph Co., 59 Mo. App. 236. It being especially necessary that the petition should state the facts, which will authorize an infliction of the penalty, then it is abso-

lutely necessary that such pleaded facts be proven. The pleadings of a claimed fact does not prove it. (4) The burden of the proof as to the existence of the agency rests on the plaintiff. Graves v. Gilliland, 63 Mo. 28. (5) An agency cannot be prove by the admissions or statement of a supposed agent. Bank v. Morris, 125 Mo. 343; Bank v. Leyser, 116 Mo. 51; Carp v. Ins. Co., 203 Mo. 334; Timber & Iron Co. v. Cooperage, 112 Mo. 283; Anderson v. Volmer, 83 Mo. 406; Craighead v. Wells, 21 Mo. 404; Golson v. Ebert, 52 Mo. 260.

*N. B. Wilkinson per se.*

(1) Defendant's agent at Leeper in receiving this message acted within the scope of his authority in marking and accepting such message as "paid." Carland v. Telegraph Co., 43 L. R. A. 280. And our statute clearly makes it the duty of defendant to receive and transmit such message. R. S. 1909, section 3330. (2) But if the court should hold that the evidence in the case under any fair construction which they. can place upon it does not fix the liability of defendant to pay the penalty under the provisions of section 3330, Revised Statutes 1909, still the petition and the evidence beyond doubt brings the case under the provisions of section 3331, Revised Statutes 1909, and it cannot escape the penalty under this section. Where unusual delay occurs in transmitting a message it is prima facie evidence of negligence. This principle of law is so fundamental that I quote but one case. Bradshaw v. Western Union, 150 Mo. App. 711. And it was just as much the duty of defendant to receive the message from plaintiff's agent, the South Missouri Railroad Company, as though plaintiff had personally walked into defendant's office at Leeper and handed such message to the telegraph operator there and had personally paid him the money for its transmission. And the petition of plaintiff clearly sets out this allegation.

COX, J.—Action to recover statutory penalty for failure to send and deliver a telegram. Judgment for plaintiff and defendant has appealed.

The contention of appellant is that the facts proven do not make out a case against defendant as pleaded in the petition. The charging part of the petition is as follows: "That on the 7th day of September, 1910, plaintiff delivered to an agent of defendant at one of its offices at the railroad depot in Reynolds county, Missouri, to-wit, Corridon, a message addressed to a liveryman at Van Buren, Missouri, and paid such agent of defendant the sum of sixty-five cents which was the price stated by such agent as the legal charge for conveying such message between such two points. That such message was immediately transmitted by such agent from Corridon to Leeper, a railroad station on the Iron Mountain road in Missouri to an agent of defendant at its office in such place." Then follows an allegation of negligence in transmitting and delivering the message.

The evidence tended to prove the following state of facts: On September 8, 1910, plaintiff went into an office of the Missouri Southern Railroad at Corridon, Missouri, and inquired if the Western Union had an office there. The man in charge answered that it did but they had to use the phone to Leeper. Plaintiff then asked for a blank and was handed a Western Union blank. He then prepared and had sent the following message:

"To liveryman, Van Buren via Chicopee, Missouri. Meet me at Boyd's Crossing 3 o'clock today.

N. B. WILKINSON."

The agent at Corridon then picked up the phone and called "Western Union." An answer was received and the above message was phoned to Leeper and repeated. Sixty-five cents, the full rate for sending the message to Van Buren, was paid. This oc-

curred between 9:20 and 9:40 a. m. The distance from Corridon to Leeper is forty-five miles and from Leeper to Van Buren by a route followed by telegraph lines is fifty-one miles. When the message reached the agent of defendant at Leeper, it was marked "paid" by him and was received as a paid message. Van Buren is within one-half mile of Chicopee where defendant has an office and messages are delivered to citizens of Van Buren from the Chickopee office. This message was received at Chickopee at 2:45 p. m. and by the livery-man at 2:55 p. m. It was then too late to comply with the telegram, as Boyd's Crossing is twelve miles from Van Buren. The result was that plaintiff was compelled to walk that distance upon a hot summer day.

The contention of appellant is that as this is an action for a penalty, the statute must be strictly construed and the proof must bring the party clearly within its provisions to entitle him to recover, and that it is essential to allege and prove that the message was delivered to an agent of the telegraph company at its office and that the charges were prepaid. This position is correct. [Bradshaw v. Telegraph Company, 150 Mo. App. 711, 131 S. W. 912.] Applying the rule as above stated to this case the appellant insists that the message was delivered for transmission at Corridon, the charges paid at Corridon to an agent of the Missouri Southern Railroad, that defendant had no office at Corridon and that the railroad agent who received the message from plaintiff was not the agent of defendant. The question whether or not the defendant had an office and an agent at Corridon is the only question presented in appellant's brief as a reason for reversing the judgment and we shall therefore confine ourselves to that question.

The evidence on part of defendant discloses that there was an arrangement between defendant and the railroad agent at Corridon by which that agent collected the charges for messages sent from that point

to Leeper to be forwarded from there. We have the following testimony by plaintiff:

"I went into the railroad depot (meaning at Corridon) and asked if the Western Union had an office there and the man said they did and— By the Court: Q. Was he the agent of the Western Union? A. Yes, sir. Q. Was he the operator? A. Yes, sir. He said they had to use the phone to Leeper and I asked him for a blank and he gave me a Western Union blank." Cross-examination: Q. "Are you certain of your own knowledge that the Western Union has an agent there?" A. "Yes." Q. "You know it of your own knowledge?" A. "I know it as well as a man knows anything. I had the blank and the agent told me it was an office." Q. "The only reason you think that was an office of the Western Union was because they gave you a blank like this (indicating Western Union blank)." A. "The agent told me it was a Western Union office." There was some other evidence of a similar character. The appellant, having permitted all this testimony to go in without objection and having cross-examined the witness fully on the same line, cannot now be heard to say that it was incompetent. The evidence then could properly be considered and its weight was for the trier of the facts. [Caris v. Nimmons & Bennett, 92 Mo. App. 66, 69; McVey v. Barker, 92 Mo. App. 498, 506; Farber v. Mo. Pac. Ry. Co., 139 Mo. 272, 284, 40 S. W. 932; Kash v. Coleman, 145 Mo. 645, 649, 47 S. W. 503; Frye v. Railroad, 200 Mo. 377, 406, 98 S. W. 566; Sheibley v. Nelson (Neb.), 121 N. W. 458, and cases there cited.] If this testimony was believed, it was sufficient to make a prima facie showing that defendant did have an office at Corridon. Especially is this true when taken in connection with testimony of defendant's witnesses that the agent at Corridon was authorized to collect charges for defendant. The court sitting as a jury having found in plaintiff's favor, that finding is binding upon us.

In the entry of judgment the whole of the penalty was awarded to plaintiff. This is conceded to be erroneous as one-third should go to the school fund and as was done in Parker v. Telegraph Company, 87 Mo. App. 553, the clerk of this court will be directed to enter here a corrected judgment awarding to Howell county for the benefit of the county school fund the sum of $100. With this correction, the judgment will be affirmed. All concur.