Ess v. Griffith.

Ess, *Administrator, Appellant*, v. GRIFFITH *et al.*

Division One, May 25, 1897.

1. **Evidence, One Party Being Dead:** DEPOSITION: WAIVER. Objection was made to defendant's testifying on the ground that plaintiff's intestate was dead. Under the statute such defendant, being a party to the transaction in controversy, could not have testified, but as plaintiff had taken the deposition of such defendant and filed it in the case, it was *held* that plaintiff had waived his right to make such objection, and that the defendant could testify in his own behalf.

2. ———: ———: WAIVER, HOW FAR. Plaintiff had the right to take the deposition of defendant, but in so doing he waived the right to insist on excluding his testimony concerning all matters in regard to which he had been examined by plaintiff.

3. ———: PURPOSE OF STATUTE. The purpose of section 8919, Revised Statutes 1889, prohibiting one party to a transaction or in interest from testifying in his own behalf when the other is dead, was intended to put the parties on exact equality in a trial, and the courts have liberally construed it in order to carry out that purpose of equality.

4. **Chattel Mortgage:** RIGHT OF MORTGAGEE AFTER FORECLOSURE: FAILURE TO PAY PURCHASE PRICE. Where property has been taken possession of by the mortgagee, then publicly sold, a bill of sale given to the purchaser, the property removed to another building in a few days thereafter and dominion over it is exercised by the purchaser, and everything connected with the sale regularly done except that the purchase price has not been paid, a private agreement between such mortgagee and the purchaser that such original mortgage shall be kept alive, will not be held to be in force as against a subsequent mortgagee who knew nothing of this agreement and who afterward bought the property and was placed in possession thereof by the first purchaser.

*Appeal from Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*Teasdale, Ingraham & Cowherd* and *Leon Block* for appellant.

(1) The court erred in permitting the defendant, Pierce, to testify as to the alleged conversations between said Pierce and the deceased, Fowler. R. S. 1889, sec. 8918; *Messimer v. McCray*, 113 Mo. 382; *Leach v. McFadden*, 110 Mo. 584; *Williams v. Edwards*, 94 Mo. 447; *Nichols v. Jones*, 32 Mo. App. 657; *Meier v. Thieman*, 90 Mo. 433; Greenleaf on Evidence, secs. 394, 397, 398 and 417. (2) The trial court based its ruling upon the case of *Tomlinson v. Ellison*, 104 Mo. 105, but we respectfully submit that that portion of the decision in that case which states that by the mere taking of a deposition of the opposing party the administrator waives the statute, was a mere *obiter dictum* and not necessary to a decision of that case; and we further submit that where, as in this case, the administrator announces at the trial that he does not intend to use said deposition in any way, that the mere taking of the deposition does not amount to a waiver of the incompetency of the opposite party. *Gurley v. Clarkson*, 30 S. W. Rep. 360; *Phillips v. Thompson*, 1 Joh. Ch. 131; *Conway v. Turner*, 8 Ark. 356; *Kidder v. Barr*, 35 N. H. 252; *Bogie v. Nolan*, 96 Mo. 85; *Leeper v. Taylor*, 111 Mo. 312; *House v. Camp*, 32 Ala. 542; *Crary v. Sprague*, 12 Wend. 41; *Monroe v. Napier*, 52 Ga. 388; *Trow v. Shannon*, 8 Daly, 239; *Jamison v. Bagot*, 106 Mo. 240; *Messimer v. McCray*, 113 Mo. 382. (3) Our courts have repeatedly decided that our statute, which allows a party to take the deposition of the opposite party, takes the place of a bill of discovery. *Eck v. Hatcher*, 58 Mo. 235; *Larimore v. Bobb*, 114 Mo. 446; *Carr v. Dawes*, 46 Mo. App. 351. The bill of discovery under the old practice did not make

a party a competent witness who was not a competent witness without such bill. *Phillips v. Thompson, supra; Conway v. Turner*, 8 Ark. 356; *Kidder v. Barr*, 35 N. H. 235; *Watson v. Race*, 46 Mo. App. 552; *Jamison v. Bagot*, 106 Mo. 257; *House v. Camp*, 32 Ala. 542; *Crary v. Sprague*, 12 Wendell, 41; *Cansler v. Wharton*, 62 Ala. 365; *Monroe v. Napier*, 52 Ga. 385; *Hewlet v. George*, 68 Miss. 703. (4) Where no testimony of a deceased party to a suit is before the court, testimony of the opposing party is inadmissible. *Corby v. Wright*, 9 Mo. App. 5; *Park v. Lock*, 48 Ark. 133; *Shober v. Wheeler*, 113 N. C. 370; *Lee's Adm'r v. Hill*, 87 Va. 497; *Levy v. Dwight*, 12 Colo. 101; *Moore v. Palmer*, 14 Wash. 134. (5) The court erred in admitting the evidence of Pierce in regard to the alleged estoppel relied upon by defendants, because such estoppel was not pleaded by such defendants. *Bray v. Marshall*, 75 Mo. 327; *Noble v. Blount*, 77 Mo. 235; *Hammerslough v. Cheatham*, 84 Mo. 13; *Avery v. Railroad*, 113 Mo. 561. (6) The court erred in admitting the evidence of witnesses Potter, Downs and Wittie as to statements alleged to have been made by Montgomery while the latter was in possession of the property, to the effect that the property was unincumbered, and that he was the absolute owner thereof. These statements were not made in the presence of Fowler and should not have been admitted. *Criddle v. Criddle*, 21 Mo. 522; *Morey v. Staley*, 54 Mo. 419; *Blount v. Hamey*, 43 Mo. App. 644.

*Elijah Robinson* and *Frank P. Sebree* for respondents.

(1) The fact that plaintiff had taken the deposition of Pierce in this action amounted to a waiver of any alleged incompetency on his part, and this waiver

having been shown to the court, the ruling admitting the testimony was proper.    *Tomlinson v. Ellison*, 104 Mo. 105; Weeks on Depositions, p. 503, sec. 436; Rapalje Law of Witnesses, sec. 178; 3 Greenleaf on Evidence, sec. 326; 29 Am. and Eng. Ency. Law, 749; *Thomas v. Irvin*, 90 Tenn. 512; *Weil v. Silverstone*, 6 Bush (Ky.), 698; *Brooks v. Crosby*, 22 Cal. 43; *Jones v. Love*, 9 Cal. 68; *Gilbert v. Swain*, 36 N. E. Rep. 374; *In re Corsons Estate*, 24 N. E. Rep. 588. (2) The plaintiff and his counsel, with knowledge of the status of the witness, allowed him to be sworn at the trial and to testify to material and important facts in the case before interposing the objection.   They thereby waived the right to make such objection.    *Hickman v. Green*, 123 Mo. 165; *Patterson v. Wallace*, 44 Pa. St. 88; *Milsap v. Stone*, 2 Colo. 137; *Groshon v. Thomas*, 20 Md. 234; *Donelson v. Taylor*, 8 Pick. (Mass.) 390; 1 Greenleaf, Evidence, sec. 421. (3) The object of a law disqualifying a party as a witness, where the other party to the transaction in question is dead, was to prevent the living party from testifying at his own instance, on the theory that his testimony would be unfair and partial to himself.   But the law was not intended to deprive the administrator of the testimony of the adverse living party in case the administrator desires such testimony.   The defendant Pierce was compelled to give his deposition when called upon to do so by plaintiff, and the deposition so given and filed in the cause was for the use of either party to the suit. *Watson v. Race*, 46 Mo. App. 546. The defendant could have used Pierce's deposition, had he been absent from the trial. (4) The defendants were not informed by the petition that plaintiff would rely upon the mortgage for his title, and had no opportunity to plead an estoppel, and were not required to do so.   Hence plaintiff's objection to the testimony of defendant Pierce,

on the ground that it proved an estoppel, and no estoppel was pleaded by defendants, was not well taken. *Tyler v. Hall*, 106 Mo. 313; *Alexander v. Campbell*, 74 Mo. 143. (5) The objections of plaintiff to the testimony of the witnesses, Potter, Downs and Wittie, will, when examined, be found to possess no merit, because harmless, and was not offered to assail the mortgage of plaintiff's intestate. (6) Even if the plaintiff's contention as to the admission of the testimony of Pierce, one of the defendants, were well taken, still the judgment should be affirmed, because it was for the right party, and the only judgment which could, under the evidence in the case, have been properly rendered. *Bushey v. Glenn*, 107 Mo. 331; *Wolff v. Campbell*, 110 Mo. 114; *De Hatre v. De Hatre*, 50 Mo. App. 1; *McDaniel v. Harvey*, 51 Mo. App. 198; *Long v. Bolen Coal Co.*, 56 Mo. App. 605; *Williams v. Mitchell*, 112 Mo. 300; *Walsh v. St. Louis, etc., Ass'n*, 101 Mo. 544. (7) The sale by Fowler to Montgomery, foreclosing the title of Reber, accompanied by a delivery of possession to Montgomery, the purchaser, passed the title to him. No bill of sale was necessary, although the evidence shows that a bill of sale was given. Cobbey on Chat. Mort., sec. 942; *Conger v. Robinson*, 4 Smedes and M. 210. (8) The Great Western Type Foundry was a *bona fide* purchaser, without notice from Griffith, who was in possession under his chattel mortgage and under the foreclosure sale, and was not required to inquire whether there was a private arrangement between Fowler and Montgomery. Cobbey on Chat. Mort., sec. 942; *Wilder v. Crane*, 53 Ill. 490. (9) Counsel for appellant have placed great stress on the fact that the mortgage made by Clark to Fowler was not acknowledged satisfied. That was not required to be done. If Fowler had acknowledged satisfaction of the mort-

gage, he would have destroyed Montgomery's title to the property. *Lanier v. McIntosh*, 117 Mo. 508.

MACFARLANE, J.—Plaintiff, as administrator of Charles T. Fowler, sued defendants Griffith, the Great Western Type Foundry and S. A. Pierce for the conversion of certain printing presses, type, etc., claimed as the property of plaintiff's intestate. Several trials have occurred in the circuit court, and this is the second appeal. The first will be found reported in 128 Mo. 53, where a full statement of facts will be found. On the first appeal the judgment was reversed and a new trial was ordered. The retrial resulted in a verdict and judgment for defendant and the plaintiff appealed.

We briefly restate the facts. In 1885 one Clark, being the owner of the property, mortgaged it to Fowler, plaintiff's intestate, to secure a note for $3,000. Clark sold the property to one Reber, subject to the mortgage, to whom it belonged in April, 1889. In January, 1889, Fowler took possession of the property under his mortgage, and on the twenty-third of that month made a written contract for the sale of it to W. J. A. Montgomery. On the twenty-sixth of January, 1889, Montgomery mortgaged it to Griffith to secure a note for $1,050. April 6, 1889, the property was sold publicly under the Clark mortgage to Montgomery. This sale was made in order to carry out the previous private sale. The purchase price was not paid, but the parties agreed, as the evidence tends to prove, to keep the Clark mortgage alive in order to secure the purchase money. Montgomery was put in possession of the property, and removed it to another building in Kansas City, and made the ordinary use of it. On April 9, Montgomery mortgaged the property to one E. H. Wittie, to

secure a debt due him. This mortgage was subsequently assigned to Griffith.

Under the powers contained in his own and the Wittie mortgages, Griffith sold the property to defendant Pierce, who was the agent of, and acted for, the defendant type foundry, which disposed of it in the usual course of business.

The petition charges a conversion of the property. The answer is a general denial.

The issue tried was whether the Clark mortgage was kept in force by the arrangement between Fowler (plaintiff's intestate) and Montgomery, so as to take precedence over the mortgages under which Griffith sold.

The issues were submitted on instructions approved on the former appeal, and no objections were made to them. The errors assigned on this appeal are to the rulings of the court in the admission of evidence.

I.   On the trial defendant Pierce was called as a witness on his own behalf, and, over plaintiff's objection, was permitted to testify to certain declarations made by Fowler, plaintiff's intestate, tending to prove that after his sale to Montgomery he made no claim to the property and encouraged witness to buy it.

Plaintiff objected to this testimony for the reasons, *first*, that Fowler being dead, Pierce was incompetent under the statute to testify to conversations between Fowler and himself; and, *second*, because the estoppel attempted to be shown by this testimony of Pierce had not been pleaded by defendants.

Upon objection made, defendants offered to prove, and plaintiff admitted, that the deposition of this witness had been previously taken by him, and was then on file in the cause. The court, upon examination of the deposition, found that the witness had therein testified to the same declarations he was called upon to

prove, and the objection to his competency was over-ruled.

Fowler being dead, and the suit being prosecuted in the name of his administrator, Pierce, a party to the suit, was incompetent, under the terms of the statute, to testify in favor of defendants, to declarations made by deceased. R. S. 1889, sec. 8918.

Defendants insist that, by taking the deposition of Pierce, the administrator waived his incompetency.

It is said in *Tomlinson v. Ellison*, 104 Mo. 114: "The fact that plaintiff had taken defendant's deposition in the same action amounted to a waiver of any alleged incompetency on his part." In that case the suit was prosecuted by the administrator of Ford, who had caused the deposition of defendant to be taken. It will be seen, however, that the statement of the legal principle quoted was not necessary to a decision of the case, and can only be regarded as the dictum of the judge who wrote the opinion. Counsel for plaintiff now, with much earnestness and ability, questions the correctness of the principle announced; but, after a careful reconsideration, we are satisfied that the incompetency of a party to testify, when the opposite party is dead as declared by statute, may be waived by his administrator, and that taking his deposition in the case, though not used at the trial, will constitute a waiver.

The statute removes the disability of parties in interest to testify, but in order to avoid the injustice of permitting one party to testify when the other party is dead, the proviso is added. The purpose is to place the parties, as nearly as possible, on an equality; and thus afford protection to the estates of deceased persons. The living party is not made absolutely incompetent as a witness, but "he shall not be permitted to testify in his own favor." He may be called as a wit-

ness by the administrator and compelled to testify, but when so called he is entitled, on cross-examination, to testify in his own favor. R. S. 1889, sec. 8920. In such case the incompetency is waived, whether his evidence is given at the trial or by deposition. Sec. 8924.

Under the decisions of this court the statute has been construed liberally, in order to carry out the purpose of placing the parties upon an equality. It is said in the case of *Stone v. Hunt*, 114 Mo. 71, after a review of the decision: "Where, therefore, the testimony of one of the parties to a suit has been taken in the form of a deposition, or his testimony has been preserved by a bill of exceptions, and such party is dead, the living party may testify in his own behalf, and this, too, whether the representative of the deceased does or does not produce and introduce the testimony of the deceased. Such a rule leaves the parties upon an equality, and is in accord with the object of the statute."

Under a like liberal construction of the statute, there can be no doubt that an administrator can waive the incompetency of the opposite party, and will accredit him as a witness by using his evidence at the trial. A physician is made incompetent to testify concerning information acquired from his patient in a professional matter, yet his incompetency may be waived by the patient. *Blair v. Railroad*, 89 Mo. 396; *Davenport v. City of Hannibal*, 108 Mo. 477. In New York it was held, under a similar statute, that where a physician thus declared incompetent, testified at the instance of his patient upon one trial, the party so calling him could not insist on his exclusion as a witness to the same facts at a subsequent trial of that case. *Edington v. Ins. Co.*, 77 N. Y. 564.

No fair distinction can be made between a waiver implied from an examination of an incompetent wit-

ness on the trial, and that from taking his deposition before the trial. The waiver is implied from calling and examining the witness. "A waiver of objection to competency made at one stage of the taking of testimony is a waiver during the whole progress of that proceeding." Rapalje on Witnesses, sec. 178; Weeks on Depositions, sec. 436; *Weil v. Silverstone*, 69 Ky. 700; *Thomas v. Irvin*, 90 Tenn. 512; *In re Estate of Dunlap*, 94 Mich. 17; *Choteau v. Thompson*, 3 Ohio St. 424; *Bair v. Frischkorn*, 151 Pa. St. 466; 29 Am. and Eng. Ency. of Law, 749.

Plaintiff had the right to examine defendant Pierce as a witness, but in doing so he waived the right to insist on excluding him when called by defendant. This would certainly be so as to all matters concerning which he was examined by plaintiff. He can not, in fairness, be allowed to assert his competency, if his evidence is found to be favorable, and to deny it if found to be unfavorable. He must lie in the bed he makes for himself. The deposition was on file in the case, and the parties were equally entitled to the use of it in the absence of the witness. The witness being present, either party was entitled to his evidence on matters about which he had been examined.

II.   Plaintiff, by his petition, claimed to be the legal owner of the property. A public sale of the property under the mortgage to Montgomery was shown. Such a sale, if regular, would, of course, discharge the lien of the Clark mortgage and foreclose Reber's equity of redemption. The sale was admittedly made for this purpose. There seems to have been no question about the regularity of the sale except that the purchase price was never paid. Fowler, who held the Clark mortgage, had the right to insist upon payment before completing the sale and delivering the property to Montgomery. When he executed the bill of sale, de-

livered the property to Montgomery and allowed him to use it in his own business, and exercise all the rights of ownership over it, the transfer of the title was complete, certainly as to persons dealing with Montgomery without notice of the private arrangements between him and Fowler.

Now plaintiff undertook to prove, on the trial, that the sale was only a pretense, as between Fowler and Montgomery. He thus introduced into the case without pleading, the equitable effect the assignment and reassignment of the mortgage debt, in lieu of the payment of the purchase price, would have upon the rights of parties dealing with Montgomery while the property was in his possession and under his absolute control.

Whatever may be the effect in equity, as between themselves, of the arrangement, between Fowler and Montgomery for keeping the Clark mortgage alive, it certainly could not affect the rights of defendants unless they purchased with notice thereof. Under the pleadings, and the evidence offered by plaintiff, defendants had the undoubted right to prove, in rebuttal, that Fowler, after the pretended sale, made no claim to the property, though he knew that Pierce contemplated a purchase of it. Such evidence not only tended to prove a fact that would operate as an equitable estoppel on Fowler to deny the completeness of the sale, but it tended to contradict the evidence in regard to the alleged private arrangement between Fowler and Montgomery. Under the circumstance we think the evidence was admissible for either purpose, without pleading the estoppel. The evidence was in rebuttal of that introduced by plaintiff. *Greenway v. James*, 34 Mo. 328; *Young v. Glascock*, 79 Mo. 576; *Bremen Bank v. Branch*, 104 Mo. 440.

III. Witnesses called by defendants were permitted to prove that Montgomery, while in the possession of the propêrty, and dealing with it, claimed to be the absolute owner. Plaintiff objected to this evidence and assigns as error the ruling of the court in admitting it.

Fowler invested Montgomery with all the indicia of ownership; a public sale to him, followed by a bill of sale, delivery of possession, removal of property and dominion over it. As to third persons, without notice of any secret agreement between the parties, the title vested in Montgomery. The court might have so instructed the jury. The evidence was, therefore, harmless. Evidence of a fact which the law presumes, can not hurt. But the evidence, we think, was admissible, as tending to contradict that given by Montgomery in regard to his agreement with Fowler.

Finding nothing in the record of which plaintiff can justly complain, the judgment is affirmed. BARCLAY, P. J., and ROBINSON and BRACE, JJ., concur.