## STUYVAERT, Defendant in Error, v. ARNOLD, Executor, Plaintiff in Error.

### St. Louis Court of Appeals, January 22, 1907.

1. **WITNESSES: One Party to Contract Dead: Waiver.** A case arose on a transaction, one of the parties to which was dead, and her executor was made a party defendant. The plaintiff was placed upon the witness stand to prove certain facts but not the contract out of which the case arose. The defendant then on cross-examination drew from the plaintiff all the terms of the contract which formed the basis of the suit. The defendant could not then, after introducing all his evidence, maintain a motion to strike out plaintiff's testimony on the ground that he was not a competent witness.

2. **EVIDENCE: Bill of Exceptions: Preserving Evidence.** An error assigned because of the trial court's ruling in the exclusion of documentary evidence cannot be reviewed unless the document ruled out is incorporated in the bill of exceptions.

3. **PLEADING: Money Had and Received: Contract.** Where plaintiff stated as his cause of action that he had an agreement with his mother whereby he was to give her his weekly earnings which she was to save for him and return the same to him upon demand, that his mother deposited the money in bank and after she died the same was collected by her executor, the defendant; the case stated was one for money had and received. In this case the evidence is examined and held sufficient to support the allegations of the petition.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Thomas P. Bashaw* for plaintiff in error.

This is a suit on a contract, if any cause of action is stated in the petition; and the other party to the contract sued on being dead, the plaintiff was not a competent witness to prove the contract nor his compliance with the terms of it, on his part. R. S. 1899, sec. 4652; Waltemar v. Schnick's Estate, 102 Mo. App. 142.

*Christian F. Schneider* for defendant in error.

(1) Appellant having failed to object to the competency of witness Stuyvaert in the lower court, cannot now for the first time raise the objection in this court. Hickman v. Green, 123 Mo. 172; Sprague v. Sea, 152 Mo. 333; Borgess Inv. Co. v. Vette, 142 Mo. 569; Cash v. Coleman, 145 Mo. 649; Bruce v. Bombeck, 79 Mo. App. 237; McPherson v. Andes, 75 Mo. App. 206; Alexander v. Wade, 106 Mo. App. 141. (2) Appellant having used the book, exhibit "B," as the basis of cross-examination of respondent and other witnesses, all before the book itself was offered in evidence, he is estopped from attacking said book. Appellant made it testimony by his own conduct. Nichols v. Nichols, 147 Mo. 399; Hume v. Hopkins, 140 Mo. 76. (3) But the book was competent under the decisions of our courts. Anchor

Milling Co. v. Walsh, 108 Mo. 285; Seligman v. Rodgers, 113 Mo. 649; Robinson v. Smith, 111 Mo. 205; Simon v. Ingram, 78 Mo. App. 607; Missouri E. L. & P. Co. v. Carmody, 72 Mo. App. 540; Fulkerson v. Long, 63 Mo. App. 271.

GOODE, J.—Plaintiff is the son of Adeline Stuyvaert, deceased, and defendant, William J. Arnold, is her executor. She died July 8, 1903. The petition alleges that plaintiff resided with his mother in her home from his birth in 1869 to 1899, a period of thirty years. About January 1, 1891, it was agreed between plaintiff and his mother that he should pay over to her his weekly earnings to be by her preserved and saved for him, after deducting whatever was required for the living and household expenses of the two; that the remainder should be the property of plaintiff and restored to him on his demand; that pursuant to this arrangement plaintiff, at different dates, turned over to his mother sums amounting to $5,376.14, out of which amount on April 23, 1900, she deposited in the Boatmens Bank in St. Louis, $2,200, in her own name; that after her death her executor collected said sum from the bank, claimed the same as the property of the estate of the deceased and refused to turn it over to plaintiff on his demand; that by reason of the premises said Arnold, as executor of the last will of the deceased, is indebted to plaintiff in the sum of $2,200, for which judgment is prayed.

Defendant answered by a general denial and by pleading the pendency of another action between the same parties involving the same subject-matter. The answer pleaded in bar was not allowed by the circuit court and as there is no proof regarding it in the record, the ruling cannot be reviewed. The testimony tended to establish the cause stated in the petition and, in our opinion, did establish it conclusively. It showed an arrangement between plaintiff and his mother, by which

he agreed to put in her hands his earnings as they came in, to be kept by her for him and as his property, except such portion as was needed to defray the household expenses. His habit was to deliver his wages to her every Saturday night. That the understanding between the two was as related was proved, not only by the testimony of plaintiff himself, but by that of several other witnesses who frequently heard conversations between him and his mother regarding the matter, and from which it appeared that the money was entrusted to her to keep for plaintiff. Witnesses testified also to admissions by her that the money she was keeping belonged to plaintiff. We have not the least doubt that this was the truth. The money was deposited in the Boatmens Bank by plaintiff himself in his mother's name and in her presence, but with the understanding that it was plaintiff's money. The trial resulted in a verdict for plaintiff for $2,200, the amount of the deposit.

1. The chief error assigned is permitting plaintiff himself to testify to the arrangement between him and his mother. As the other party to the agreement was dead, plaintiff, was, of course, an incompetent witness to prove its terms and there is no contention to the contrary. But the defendant waived the objection to his competency, not only by failing to interpose when he was put on the stand as a witness, but by eliciting from him the facts regarding the agreement. These facts were drawn out by the defendant's counsel in the cross-examination of plaintiff, and not by plaintiff's counsel in the examination in chief. Plaintiff was introduced for the purpose of proving certain entries in a memorandum book he kept, showing the amounts turned over to his mother and the dates when they were paid to her. When he was called as a witness, defendant's counsel made no objection; but at the beginning of his testimony the court asked if he was the plaintiff, and

further asked if the intention was to establish the contract with his mother by his testimony. Plaintiff's attorney answered that this was not the intention. Whereupon the court told him to proceed with the examination, and not a word was said by defendant's counsel in opposition to his competency, but objection was interposed to the use of the book as evidence. It is contended on the appeal that plaintiff's counsel, after disclaiming an intention to prove the terms of the agreement by plaintiff, did prove them. We have carefully perused the entire testimony of plaintiff and find the learned counsel of defendant in this court, who did not try the case below, is mistaken about what plaintiff testified to in chief. Plaintiff was asked regarding the agreement by defendant's counsel, and all its terms were proved in response to questions propounded by said counsel. We find no challenge of plaintiff's competency as a witness until he was offered in rebuttal after all the other witnesses in the case had been examined, and not then until he had finished testifying in rebuttal. On this examination he did not testify at all concerning the agreement with his mother; but after he had finished testifying, defendant's attorney raised an objection to his competency on the ground that his mother was dead and moved that everything he had said be stricken out. Thereupon the court remarked that he had not heard the witness while testifying in rebuttal, speak of any conversation with his mother and asked defendant's counsel if he objected to plaintiff's competency. Said counsel replied that he objected to his competency to make the statements, and to his entire testimony. The court ruled that an objection would be sustained to his testimony in rebuttal, but that it was too late to object to his testimony in chief, as it had gone in without objection. An exception was saved to this ruling, but we think it was manifestly correct. It would be out of reason to allow defendant's counsel to

examine plaintiff while on the stand as to the terms of the agreement between him and his mother and then, after thus eliciting proof of the agreement from an incompetent witness, and after various other witnesses had testified regarding the same subject-matter, have this testimony stricken out because the witness was incompetent. [Hickman v. Green, 123 Mo. 165, 22 S. W. 455; 27 S. W. 440; Sprague v. Sea, 152 Mo. 327, 53 S. W. 1074; Kash v. Coleman, 145 Mo. 645, 47 S. W. 503; Borgoss Inv. Co. v. Vette, 142 Mo. 567, 44 S. W. 754; Bruce v. Bombeck, 79 Mo. App. 231; Strode v. Frommeyer, 115 Mo. App. 220, 91 S. W. 167.]

2. Likely the entries in the memorandum book, as they were shown to have been made simultaneously with the transactions to which they referred, were competent evidence (Anchor Milling Co. v. Walsh, 108 Mo. 277, 18 S. W. 904; Seligman v. Rodgers, 113 Mo. 642, 21 S. W. 94; Robinson v. Smith, 111 Mo. 205, 20 S. W. 29; Taylor v. Tucker, 1 Ga. 231), but the money deposited in the bank and which is the subject-matter of the action was proved conclusively to belong to plaintiff by uncontradicted evidence other than the book entries.

3. The last will of the deceased was offered in evidence and ruled out. Error is assigned because of this ruling. The will is not contained in the record and we are unable to say whether or not it had any bearing on the issues. It is hard to conceive of any theory on which it would.

4. Counsel for defendant contends there was no evidence that the money deposited in the bank by plaintiff was part of what he had previously given to his mother pursuant to the arrangement aforesaid; hence, it is argued that plaintiff did not make out a case, as the petition declares on the agreement between himself and his mother and seeks to recover money which he had turned over to her pursuant to the agreement. This contention is wrong, both in law and in fact. The action

is not on the contract, but is one for money had and received, in which the understanding between plaintiff and his mother is pleaded as matter of inducement and to show the arrangement under which the money was given to her and which she really held in trust. The petition says the executor collected the money and retained and claimed it as property of the estate; that plaintiff had demanded it of him and the executor refused to pay it over, and by reason of those facts defendant, as executor, owes and is indebted to plaintiff in the sum of $2,200. This is clearly a statement of a case on the common counts for money had and received belonging to plaintiff and to which he is entitled. But were it otherwise, the evidence is uncontradicted that the money withdrawn by the executor from the bank and which plaintiff had previously deposited in his mother's name, was part of the funds he had given her from time to time to keep for him. The testimony of the teller of the bank shows both plaintiff and his mother were present when the deposit was made and that plaintiff wished to make it subject to withdrawal by him at his mother's death. Now plaintiff testified, in answer to questions propounded by defendant's counsel, that the money he paid his mother was to be returned to him on demand, but she took a dislike to him on account of his marriage and would not return it when he wanted it; that he did not sue her because she was sickly and feeble and a lawsuit might have caused her death. In regard to the deposit in the bank, he testified that he went with his mother and helped her deposit it in her name. Defendant's counsel then asked this question: "Why did your mother put that money in the bank *after keeping it in the house for several years?*" (the italics are ours). The answer was: "I thought it was best." The witness further stated in response to interrogatories, that the money had been kept in a wardrobe in the house; that he and his mother counted what was there, left a little

at home and went to the bank and deposited the balance.. It is about as certain as testimony can make any fact that the money in controversy belonged to plaintiff and that the judgment was for the right party. Therefore it will be affirmed. All concur.