IDIE M. BELCH, Respondent, v. NANCY M. ROBERTS, Executrix of the Estate of J. S. ROBERTS, deceased, Appellant.

#### Kansas City Court of Appeals, June 14, 1915.

1. **PROBATE COURTS: Bills and Notes: Claims.** The plaintiff presented a demand against the defendant estate on a promissory note which was executed by Young and his wife to the deceased defendant and endorsed by the deceased defendant to plaintiff. *Held*, that presentment for payment is not required in order to charge an endorser where the instrument was made or accepted for his accommodation and he has no reason to expect that the instrument will be paid if presented.

2. ————: ————: **Indorser.** When an endorser promises to pay a note with full knowledge of the facts, he is deemed to have waived the requirement of presentment for payment and notice.

3. **EVIDENCE: Death of One Party to Contract.** It is not error to allow one party to a contract to testify, when the other party is dead, in the trial of a case in the circuit court, since she was allowed to testify in the trial in the probate court, without objection. The right to object to such testimony is deemed to have been waived.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate,* Judge.

AFFIRMED AND REMANDED (*with directions*).

*Pope & Lohman* for appellant.

*A. T. Dumm* for respondent.

TRIMBLE, J.—This case arose in the probate court upon a demand presented against the estate of Josephus Roberts, deceased, based upon a negotiable promissory note due one day after date signed by Edward Young and wife, payable to the order of Josephus Roberts and by him endorsed to respondent. The probate court heard the evidence and allowed the claim putting it in the sixth class of demands. The estate appealed to the circuit court where the case was tried *de novo* before a jury which returned a verdict against the estate and it appealed to this court.

At the close of plaintiff's evidence the defendant demurred, and, being overruled, stood on the demurrer. Appellant's main contentions are that the demurrer should have been sustained and that the court erroneously overruled the objection to the competency of one of plaintiff's witnesses.

The evidence shows that plaintiff was the owner and holder of the note sued on; that the money represented by the note was hers and was furnished by her; that Roberts, desiring to sell a lot to Young, procured the loan from plaintiff. Young had no property and his note was worthless, so Roberts had Young to execute the note to him and he immediately endorsed it to plaintiff. The evidence is clear that the transaction was procured and arranged by Roberts and that the note was made for his accommodation. It is also clear that Roberts had no reason to expect that it would be paid if presented for payment. In fact the evidence shows that he knew it would not be paid and agreed that he would take care of the note and be responsible for it, and that he fully understood when the note was executed that he was the one to whom the plaintiff looked for payment and not Young. Section 10050, Revised Statutes 1909, of the Negotiable Instruments Act provides that "presentment for payment is not required in order to charge an endorser where the instrument was made or accepted for his accommodation

Belch v. Roberts.

and he has no reason to expect that the instrument will be paid if presented."

In addition to this the evidence clearly shows that even if the note had been executed under circumstances which required presentment for payment and notice to the endorser, still Roberts expressly waived such requirement, and promised to pay it, with full knowledge of the facts. This took away any defense on the ground of want of presentment and notice. [Workingmen's Banking Co. v. Blell, 57 Mo. App. 410; Laumeier v. Halleck, 103 Mo. App. 116; Brittain v. Murphy, 118 Mo. App. 235; Bauermeister v. Kuntz, 53 Fla. 340; Sec. 10,079, R. S. 1909.]

. The plaintiff was introduced as a witness, but the objection was made that she was incompetent to testify since the other party to the contract or cause of action was dead. Thereupon it was shown by uncontradicted evidence that in the trial of the case in the probate court the plaintiff testified and that her incompetency was waived because no objection was made at that time. When this was shown, the court overruled the objection and allowed her to testify. There was no error in so doing. [Imboden v. St. Louis Union Trust Co., 111 Mo. App. 220; Tomlinson v. Ellison, 104 Mo. 105, l. c. 114; Ess v. Griffith, 139 Mo. 322, l. c. 329; Rice v. Waddill, 168 Mo. 99, l. c. 119; Jones v. Prudential Ins. Co., 173 Mo. App. 1.]

It is finally claimed that the judgment is erroneous because it awards execution against the administratrix. This is no ground for the granting of a new trial. It is true no execution can be issued. The only way the judgment can be enforced is by filing the same in the probate court for classification and allowance as a demand against the estate, as provided for in section 2168, Revised Statutes 1909. But no execution has been issued and none will be. The statute does not invalidate the judgment. It merely provides that no execution shall issue thereon. The judgment as establish-

ing a demand against the estate should be affirmed. But, although it may not be necessary, the cause will be remanded with directions to modify the judgment so as to eliminate the award of execution and directing the filing of a certified copy of the judgment in the probate court for classification and allowance against said estate. It is so ordered. All concur.