SIG J. LANG, Respondent, v. DEMPSTER WISHART and TAYLOR R. YOUNG, Executors of the last will of SYLVESTER P. KEYES, deceased, Appellants.*

St. Louis Court of Appeals. Opinion filed June 18, 1925.

1. **WITNESSES: Incompetency: Death of Other Party: Not Objecting in Probate Court: Waiver.** In an action instituted by plaintiff in the probate court by the filing and presentation for allowance of a demand against an estate for services rendered decedent, *held* that no waiver or estoppel arose out of the proceedings in the probate court which precluded the defendants in the present case from raising an objection to the competency of the plaintiff as a witness upon a trial *de novo* in the circuit court on appeal where defendants did not call and examine the plaintiff as a witness in their behalf in the probate court, nor participate in any way in his examination or in the proceedings which resulted in the allowance of the demand by that court.

2. ————: ————: ————: **Waiver: Courts Will Not Raise a Waiver of Incompetency Upon Mere Pretext.** The incompetency of an interested party existing at common law has been preserved by our Legislature in case of the death of the other party to the contract or cause of action in issue and on trial, for a wise purpose, and the

courts will not raise a waiver of such incompetency upon a mere pretext.

3. ———: ———: ———: **Permitting Plaintiff to Testify as to Transaction With Deceased: Reversible Error.** In an action against executors for services rendered decedent, permitting plaintiff to testify in his own behalf, tending to show that he did render the services and was entitled to the compensation claimed therefor as set forth in his demand, over the objections of defendants as to the competency of the plaintiff as witness in his own behalf on the ground that the other party to the contract and cause of action in issue and on trial was dead, constituted reversible error where there was slight evidence of the performance of any services by the plaintiff for the decedent besides the testimony given by plaintiff in his own behalf and this was for the most part contradicted by the evidence of defendants, and there was no evidence, aside from the plaintiff's testimony, of the value of the services shown to have been performed.

---

*Headnotes 1. Witnesses, 40 Cyc., p. 2352; 2. Witnesses, 40 Cyc., p. 2352 (Anno); 3. Appeal and Error, 4 C. J., Section 2953.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Frank Landwehr*, Judge.

REVERSED AND REMANDED.

*Abbott, Fauntleroy, Cullen & Edwards* for defendants.

(1) The plaintiff, asserting a demand against the estate of the deceased, was an incompetent witness. R. S. 1919, sec. 5410; In re Harnett, 17 L. R. Ire. 543, 547. (2) There was no proof tending to show that the representatives of the estate with knowledge waived the incompetency of the claimant; waiver is a voluntary act and must be based on knowledge. McKee v. Rudd, 222 Mo. 344; Tygard v. Falor, 163 Mo. 243; Murmann v. Wissler, 116 Mo. App. 397; Hurley v. Farnsworth, 78 Atl. 291, 107 Me. 306. (3) The failure of the estate to attend the hearing in the probate court and to be present and make objections is not a waiver of the incom-

petency of the witness. Hollman v. Lange, 143 Mo. 107; Belch v. Roberts, 191 Mo. App. 245; Jones v. Ins. Co., 173 Mo. App. 13; Hubbell v. Grant, 39 Mich. 641.

*Karl M. Vetsburg* for respondent.

(1) Not having objected to plaintiff testifying in the probate court, defendants waived plaintiff's incompetency and such waiver continued on the trial in the circuit court. Jones v. Ins. Co., 173 Mo. App. 1; Imboden v. Trust Co., 111 Mo. App. 220; Belch v. Roberts, 177 S. W. 1062-3; Conrey v. Platt,. 248 Mo. 576. (2) An affirmative act is not necessary to create a waiver or an estoppel. Silence or failure to act where there is a duty to speak or act justifies the application of the doctrine. Palmer v. Welch, 171 Mo. App. 580; Henderson v. Koenig, 192 Mo. 714; Gas Co. v. Surety Co., 250 S. W. 78; Davis v. Lea, 239 S. W. 823, 293 Mo. 660; Finance Corp. v. Kelly, 235 S. W. 146. (3) The duty to act or speak need not rest upon any legal obligation in the ordinary sense. Thompson v. Simpson, 128 N. Y. 270; Ayer v. Younker, 10 Colo. App. 27; 10 R. C. L., pages 692-3, sec. 21. (4) Waiver and estoppel, though not interchangeable terms, are maintained on similar principles. 27 R. C. L., page 905; Hayes v. Manning, 263 Mo. 46; Maier v. Wallace, 211 Mo. App. 454, 244 S. W. 945. (5) No consideration is necessary to support a waiver. Gas Co. v. Surety Co., 250 S. W. 78. (6) While waiver is a matter of intention, it is not the secret intention, but that manifested by one's conduct or words. Gas Co. v. Surety Co., 250 S. W. 81; Fulkerson v. Lynn, 64 Mo. App. 649. (7) Error, to be reversible, must be harmful and prejudicial. R. S. 1919, sec. 1513; O'Keefe v. Railways, 124 Mo. App. 624.

SUTTON, C.—This action was instituted by plaintiff in the probate court of the city of St. Louis, on the 12th day of September, 1921, by the filing and presentation for allowance of the following demand:

"St. Louis, Missouri, January 15, 1921. Estate Sylvester P. Keyes, deceased, To Sig J. Lang, Dr. To all services rendered during the years 1918, 1919, 1920, under and by virtue of a power of attorney executed by him to me, a copy of which is hereto attached, and made a part hereof, to-wit: To sale of real estate owned by him in McDonald County, Missouri, for the price and sum of $1600, including expenses in going from St. Louis to said farm and returning, covering a period of four days; also in executing a sale of real estate owned by him in Orange County, Indiana, for $8500, including expenses in going from St. Louis to said farm and returning, covering a period of five days; also in going to and returning from Aurora, Mo., including expenses, covering a period of three days, including the attending to all correspondence in connection with said property; also in looking after and attending to his interests in stock representing an undivided one-half interest in property on the northeast corner of Delmar and Union avenues, property on the north side of Delmar, west of Taylor avenue, including the contract for the sale thereof to Hudson-Frampton people, for the price and sum of $80,000; also services rendered by me in connection with the prevention of the foreclosure of a Deed of Trust held by the Missouri Valley Trust Co., on both of last-described pieces of real estate including a farm in St. Clair County, Illinois, together with all other incidental matters in connection with the management of his business during said years, $1500."

The demand was not verified.

Upon its presentation the demand was allowed by the probate court in the sum of $1500. Thereupon the defendants appealed the cause to the circuit court. In the circuit court the cause was tried to a jury, there was a verdict for plaintiff in the sum of $1500, and judgment was given accordingly. Thereupon the defendants appealed to this court.

Upon the trial of the cause in the circuit court, the plaintiff gave testimony in his own behalf tending to show that he had rendered the services and was entitled to the compensation claimed therefor, as set forth in his said demand. The defendants objected to the competency of the plaintiff as a witness in his own behalf on the ground that the other party to the contract or cause of action in issue and on trial was dead, and the plaintiff's testimony was given over this objection. The ruling of the court in permitting the plaintiff to testify in his own behalf is assigned by defendants here as reversible error, and constitutes the sole ground of their appeal to this court. Plaintiff justifies the admission of his testimony upon the trial in the circuit court, on the ground that the defendants had waived his incompetency by failing to object to his testimony given in the probate court in the proceeding which resulted in the allowance of his demand in that court. To establish such waiver, plaintiff relies solely upon his own testimony. Upon this issue he testified as follows:

"There was a hearing on the claim involved in this suit, in the probate court. In that hearing I was put under oath. I testified before the judge of the probate court on this claim. Mr. Taylor R. Young was there. Whether he represented the estate or not I don't remember. He was present. No objection was made to my testifying. The judge of the court himself asked me about my claim. There was no affidavit on the claim. When I went into court I made oath to the correctness of the claim in open court. I was just asked a few questions. I did not take the witness stand at all. I was sworn in open court as to the correctness of the claim. I offered no witnesses. Mr. Young did not cross-examine me in any way, shape, or form. He was in the court room at the time I made that oath, but he never said anything to anybody. I can't remember now what part of the room he was in, but he was in the room. I was standing right up in front of where the judge was

sitting and Mr. Young was there somewhere. He was not taking any part in what we were doing. I did not then call his attention to what we were doing. I showed him the claim before I filed it, but at that time I just went up and made oath to it in open court and then turned around and went out, and I had no talk with Mr. Young. He was just sitting in one of the chairs, just sitting there. He never asked me any questions. There had been no conversation there at all, not right then, between me and him. Previous to that I showed him the claim and all about it; not that day; I didn't say anything to him that day. I showed it to him before I ever presented it; not that morning in court; in his office; it might have been in the court room that morning. He was sitting in one of the chairs that morning in the court room around there. He didn't say a word. I did not talk to him about it that morning. I never said anything to him that morning. I had talked to him in his office. I told him the day before when I had the claim in my hand that I was going to present my claim. I told that to him that morning, I think, right in the court room, but the day before I had been to his office. I told him I was going to present this claim in the court room that morning. That was probably twenty minutes before I presented the claim to the judge. Mr. Young was in the court room all that time and I was in the court room all that time. He paid no attention to it, and I paid no attention to him. When I went into the court room that morning, he was there, and I just said to him, 'I am going to present my claim in the Keyes estate.' He said nothing. This must have been thirty minutes before I went up and made oath before the judge. There were several there presenting claims, and I walked up and presented my claim, and the judge swore me, and no objection, and it was allowed. That was the whole thing. I made oath to it there. I don't know whether Mr. Young noticed what we were doing or not. He didn't take any hand, took no notice of it. He was in the court room at the time. I don't know

what he was doing. He was talking to somebody else. He was giving no attention whatever to what we were doing. All I did was to make oath that the account was true and correct, before the judge, standing up at the bench. I did not testify in detail. I simply made oath that the account was correct.''

Defendant Taylor R. Young testified:

''I was not in the probate court on the day that the plaintiff's claim was allowed, in any way, or in any capacity. There was no representative of the estate in the court room at that time. Mr. Wishart, my co-executor, was not there. I know he was not there because he was not in the city at the time. It was on the day that I signed the waiver of service of notice on the demand that the plaintiff told me he was going to have the demand allowed. I signed the waiver on the 10th day of September, 1921. You will notice I scratched out of the waiver the clause, 'and call upon the plaintiff to testify.' I scratched that out of the waiver before I signed it.''

In Trautmann v. Trautmann (Mo.), 254 S. W. 286, which was a statutory proceeding in the probate court against an administratrix to discover assets of the estate withheld by her as her own property by reason of alleged gifts from the decedent, the administratrix was fully examined by the plaintiff prior to the filing of written interrogatories, and it was held that the plaintiff by such examination waived, as to the whole proceeding, her incompetency to testify to conversations or transactions with decedent, and that he was precluded from raising an objection to her competency upon the trial of the cause anew in the circuit court on appeal from the probate court. In that case the court in argument said:

''One of the purposes to be subserved by the statute which renders a party incompetent to testify in his own favor when the other party to the contract or cause of action in issue and on trial is dead is the putting of the

parties to a litigated controversy, in those circumstances, on a footing of equality. Where the lips of one of the original parties to such a contract or cause of action is sealed in death, the law closes the mouth of the other. As, however, the disqualification imposed by the statute is for the benefit of him who stands in the place of the deceased party, or whose rights are derived through him, he may waive it and require the surviving party to testify as a witness in his behalf. In doing so, however, he may not limit his waiver. He cannot so restrain the competency of the witness that the latter can only testify to such subject-matter and under such circumstances as will be beneficial to him. His waiver will be deemed to be for all purposes; otherwise the statute itself would became an instrument of injustice. [Ess v. Griffith, 139 Mo. 329, 40 S. W. 930; Strode v. Frommeyer, 115 Mo. App. 220, 91 S. W. 167.] We have accordingly held that, when a party to a suit takes the deposition of the other party, who is incompetent to testify to facts involving the terms of a transaction between himself and a deceased person, he thereby waives the incompetency of that other as a witness for all purposes, whether the deposition be offered upon the trial or not. [Borgess Inv. Co. v. Vette, 142 Mo. 560, 44 S. W. 754, 64 Am. St. Rep. 567; Ess v. Griffith, supra.] We have further held that, if in such case the party taking the deposition suppresses it without even filing it, a waiver occurs notwithstanding. [Rice v. Waddill, 168 Mo. 99, 120, 67 S. W. 605.] The underlying principles upon which the rulings in those cases were based apply with equal force to cases of the character of the one under review. If the plaintiff in such cases could require the defendant to disclose under oath all the facts and circumstances touching the transaction giving rise to the controversy, and then silence him, he would not have to be a strategist of any great skill to be able to so frame his pleading (the interrogatories) and to so marshal the evidence as to put the defendant at serious disadvantage. The unfair-

ness of such a proceeding, to say nothing more of it, is manifest."

And thereupon the court quoted with approval Rapalje on Witnesses, as follows:

"A waiver of objection to competency made at one stage of the taking of testimony is a waiver during the whole progress of that proceeding."

In Ess v. Griffith, 139 Mo. 322, 40 S. W. 930, the plaintiff, as administrator, sued defendants, Griffith, Great Western Type Foundry, and Pierce, for the conversion of certain printing presses claimed as the property of plaintiff's intestate. Upon the trial the plaintiff objected to the competency of Pierce to testify to conversations between himself and the intestate. It was conceded that plaintiff had previous to the trial taken the defendant's deposition and filed it in the cause, and it was held that by so doing the plaintiff waived his right to object to the competency of the defendant as a witness upon the trial. In disposing of that case the court said:

"Plaintiff had the right to examine defendant Pierce as a witness, but in doing so he waived the right to insist on excluding him when called by defendant. This would certainly be so as to all matters concerning which he was examined by plaintiff. He cannot, in fairness, be allowed to assert his competency, if his evidence is found to be favorable, and to deny it if found to be unfavorable. He must lie in the bed he makes for himself. The deposition was on file in the case, and the parties were equally entitled to the use of it in the absence of the witness. The witness being present, either party was entitled to his evidence on matters about which he had been examined."

A like ruling was made in Tomlinson v. Ellison, 104 Mo. 105, 16 S. W. 201.

In Jones v. Prudential Ins. Co., 173 Mo. App. 1, 155 S. W. 1106, it was conceded that upon the trial of the cause before a justice of the peace the plaintiff was permitted to testify as a witness in his own behalf without-

objection, though the defendant through its counsel was present in court, participating in the trial, and cross-examined the witness fully, and it was held that the defendant thereby waived its right to object to the competency of the witness upon the trial of the cause *de novo* in the circuit court on appeal.

In Belch v. Roberts, 191 Mo. App. 243, 177 S. W. 1062, it was shown by uncontradicted evidence that in the trial of the cause in the probate court the plaintiff testified without any objection being made at the time, and it was held that the defendant thereby waived his right to insist upon her incompetency to testify upon the trial of the cause anew in the circuit court on appeal. Whether the defendant was present, participating in the trial and in the examination of the witness, in the probate court, does not appear.

Hollmann v. Lange, 143 Mo. 100, 44 S. W. 752, was an action by plaintiff to set aside a release made by him of a deed of trust on real estate executed by defendant Mathilda Lange. The transaction in issue was between plaintiff and the deceased agent of Mrs. Lange. Upon the trial Mrs. Lange declined to introduce any evidence in her behalf, and so announced to the court, but a co-defendant represented by different counsel called the plaintiff and made proof by him of his signature to the release on the margin of the record, without objection by Mrs. Lange, and it was held that the defendant was not thereby estopped to raise the objection that plaintiff was incompetent to testify to the transaction between him and her deceased agent. The court announced its ruling in that case as follows:

"Mrs. Lange could not control the action of her co-defendants, and was not vested with power to direct their course. She did not call plaintiff as a witness nor was it done in her interest but it was after she had expressly declined to offer any evidence in her behalf. We do not think that she should be estopped to raise the objection that plaintiff was incompetent as against her to tes-

tify to a transaction with her deceased agent simply because a codefendant, represented by other counsel and acting independently of her, introducing him for the purpose of formally proving plaintiff's signature, and that she made no objection until he was asked to detail what took place beween him and her said agent. If she had placed plaintiff upon the stand, or if he had been introduced with her consent or connivance or for her benefit, a different rule might apply, and the principle decided in case of Tomlinson v. Ellison, 104 Mo. 105, cited by appellant, might be an authority in support of his contention.''

We are unable to see upon what principle of waiver or estoppel arising out of the proceedings in the probate court the defendants in the present case are precluded from raising an objection to the competency of the plaintiff as a witness upon the trial *de novo* in the circuit court on appeal. The defendants did not call and examine the plaintiff as a witness in their behalf in the probate court, nor did they participate in any way in his examination. Indeed, it does not appear that plaintiff was examined as a witness at all. The most that can be said to appear from plaintiff's testimony in this respect is that he made the statutory oath required as a jurisdictional prerequisite to the allowance of his demand. The defendants not only did not participate in the examination of the plaintiff as a witness in the probate court, but they did not participate in any way in the proceedings which resulted in the allowance of the demand by that court. The most that appears is that one of the executors was in the court room at the time. Even this much appears solely by the testimony of the plaintiff, and is positively denied by the executor. Plaintiff's testimony concedes that, though the executor was in the court room at the time, he paid no attention to the proceedings of the court in the allowance of the demand, but was otherwise engaged.

The incompetency of an interested party existing at common law has been preserved by our Legislature in

217 M. A.—9.

case of the death of the other party to the contract or cause of action in issue and on trial, for a wise purpose. The courts will not raise a waiver of such incompetency upon a mere pretext. Certainly they will not hunt out a way to make it easy for the incompetent party to cast off his incompetency solely upon his own testimony though flatly contradicted by the evidence of the adverse party.

But the plaintiff contends that the testimony given by plaintiff in his own behalf tends only in a cumulative manner to prove facts otherwise established by competent evidence and uncontroverted, and that its admission was therefore harmless error only. The record does not sustain this contention. There was very slight evidence of the performance of any services by plaintiff for the decedent besides the testimony given by plaintiff in his own behalf, and this was in most part contradicted by the evidence for the defendants. And there was no evidence, aside from the plaintiff's testimony, of the value of the services shown to have been performed. A power of attorney executed by decedent to plaintiff was introduced in evidence showing that plaintiff was authorized and empowered to perform services for the decedent, and letters written by the decedent were introduced showing many requests and importunities by decedent for the performance of services by plaintiff, but there was very little proof, barring plaintiff's testimony, of the performance of any of the services requested. There was an abundance of proof of requests, but a paucity of proof of performance.

For the error of the court in admitting the testimony given by plaintiff in his own behalf in relation to transactions between himself and the decedent, the Commissioner recommends that the judgment of the circuit court be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment

of the circuit court is accordingly reversed and the cause remanded. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.